CHEATHAM ET AL. *v.* BRUNNER, EXECUTOR, ET AL.

[No. 30,300. Filed December 30, 1963.]

*Soshnick & Brenton,* of Shelbyville, for appellants.

*Brunner, Brown & Brunner,* of Shelbyville, for appellee, Donald L. Brunner, Executor of the Estate of Beulah V. Selby, deceased.

MYERS, J.—This is an action brought by appellants against one Beulah V. Selby for the possession of real estate. An answer in denial together with an amended counterclaim were filed by her alleging an equitable interest in the property and asking for damages and specific performance of a purported conditional sales contract. Beulah V. Selby thereafter died on July 29, 1962, and appellee, Donald L. Brunner, was appointed and qualified as Executor under her Last Will and Testament. He filed a supplemental paragraph

to the counterclaim in which he sought the appointment of a Receiver to preserve a certain herd of Holstein cattle located on the involved real estate and to take charge of some growing crops thereon, claiming the deceased had an ownership interest in the cattle and crops.

On the 6th day of August, 1962, there was a hearing before Special Judge John W. Goddard in the Shelby Circuit Court in the matter of the appointment of a Receiver. A judgment was rendered on August 7, 1962, wherein the court appointed appellee, George W. Barger, as Receiver to conserve the herd of cattle and the normal increase thereof. A bond was fixed and posted by the Receiver, which was approved by the court.

On August 11th and August 14th, 1962, appellants filed praecipes with the Clerk of the Court for a transcript of the entire record and bill of exceptions for purpose of appeal.

The statutes of Indiana give an aggrieved party under these circumstances a period of ten days within which to perfect an appeal to this court without awaiting the final determination of the case. Burns' Ind. Stat., §3-2603, 1946 Replacement. Within the ten-day period, appellants filed a petition with this court for an extension of time within which to file their transcript and assignment of errors. As proper showing was made for such extension, their petition was granted. *McConnell* v. *Fulmer* (1952), 230 Ind. 576, 103 N. E. 2d 803, 105 N. E. 2d 817. A second petition was subsequently filed and they were allowed until February 11, 1963, to file their transcript and assignment of errors. This was done on February 7, 1963. At that time, the appeal was submitted. Rule 2-14, Supreme Court.

The record reveals that on March 1, 1963, appellants filed a petition for extension of time within which to file their brief. This was agreed to in writing by appellees and was granted by this court. Subsequent petitions were likewise granted by agreement with appellees, and appellants finally were given until December 21, 1963, to file such brief. The brief was filed on December 2, 1963.

Appellee Receiver has now filed his motion to dismiss or affirm the judgment on the ground, *inter alia*, that appellants' brief was not filed within the time specified by our Rules. Rule 2-15, in pertinent part, reads as follows:

> "In all appeals from interlocutory orders, the appellant shall have 10 days after submission to file his brief. The appellee shall have 10 days after the filing of the appellant's brief within which to file his brief. The appellant shall have 5 days after the filing of appellee's brief in which to file his reply brief."

We have held that in an appeal from an interlocutory order, if the appellant's brief is not filed within the ten-day period after submission, the appeal will be dismissed. *Parfenoff v. Kozlowski* (1941), 218 Ind. 154, 31 N. E. 2d 206. Appellants here could have filed a petition for extension of time to file their brief within the ten-day period, pursuant to Supreme Court Rule 2-16. This has the effect of tolling the running of time until the court acts on the petition.

It has been consistently determined by this court that a ruling on the appointment of a receiver is an interlocutory order. *Hill* v. *Lincoln National Bank & Trust Co.* (1938), 214 Ind. 451, 15 N. E. 2d 1019; *Lewis* v. *Nielson* (1911), 176 Ind. 414,

96 N. E. 145; *Daugherty* v. *Payne* (1911), 175 Ind. 603, 95 N. E. 233; *Barney* v. *Elkhart County Trust Co.* (1906), 167 Ind. 505, 79 N. E. 492; *Cole et al.* v. *Franks et al.* (1897), 147 Ind. 281, 46 N. E. 532.

Even though appellees agreed to the granting of the various extensions of time within which to file the brief, it has been held that the requirement of Rule 2-15 cannot be waived by such agreement. *Whiting* v. *Evansville-Vanderburgh R. P. C.* (1961), 132 Ind. App. 437, 177 N. E. 2d 758. The fact that this court granted extensions of time within which to file the brief would have no bearing on the matter for, after the ten-day period had expired, we had no jurisdiction except to dismiss the appeal. *Winn* v. *O'Neal, Sheriff, etc., et al.* (1957), 236 Ind. 264, 139 N. E. 2d 536. Thus, the granting of such extensions amounted to a nullity.

Therefore, appellants having failed to file their brief, or to take any action to obtain an extension of time within which to file it within the ten-day period after their appeal was submitted, this appeal must be dismissed.

Appeal dismissed.

Landis, C. J., and Achor and Arterburn, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 194 N. E. 2d 807.