518

MELTON ET AL. *v.* DETROIT FLAME
HARDENING COMPANY ET AL.
[No. 30,650. Filed May 19, 1965.]

*Rudolph Tanasijevich,* and *Sachs, Ruman, Tanasijevich, Smith & Donnersberger,* of Hammond, for appellants.

*Robert J. Addision,* of Gary, for appellee.

PER CURIAM.—Appellees filed a motion to dismiss. The motion is predicated upon the fact that in this appeal, which is from an interlocutory order, appellants failed to file their brief within the 10-day period after the filing of their transcript as prescribed by Rule 2-15.

The pertinent facts to the issue presented are as follows:

Appellants' transcript was filed on October 15, 1964. On November 9, appellants, with the consent of the court, filed a petition for extension of time in which to file their brief. The brief, after subsequent extensions of time, was filed on January 8, 1965. Thereafter appellees filed their motion to dismiss, for the reason that

the brief was not filed within the 10-day period provided by the rule, *supra*, or subsequent to an extension of time filed within such 10-day period. .

In resolving the question presented, we are confronted with the fact that this court and the Appellate Court has held the time limits for the filing of briefs are mandatory. e. g. *Cheatham* v. *Brunner* (1963), 244 Ind. 604, 194 N. E. 2d 807; *Winn* v. *O'Neal, Sheriff, etc. et al.* (1957), 236 Ind. 264, 139 N. E. 2d 536.

Moreover this court has underscored the mandatory character of the time limitation for the filing of briefs in interlocutory appeals by pointing out that such interpretation effectuates the policy that such appeals be determined speedily. *Union 403, Bartenders' Union* v. *Demetrakopoulos* (1939), 215 Ind. 452, 19 N. E. 2d 466.

Furthermore, this court has held that the granting of extensions of time in which to file briefs does not negate the time limitation on filing of such briefs if the petition for extension of time is not itself timely filed. *Cheatham* v. *Brunner, supra; Winn* v. *O'Neal, Sheriff, etc. et al., supra.*

In the case before us the appellants' failure to file their brief within the time specified cannot be justified for the reasons above stated because the governing rule is a matter of public record and information. Under these circumstances the motion to dismiss must be sustained.

Sustained.

Jackson, C. J., concurs in result.

NOTE.—Reported in 207 N. E. 2d 210.