BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY
*v.* SIMS ET AL.

[No. 469-S-89. Filed June 20, 1969.]

*Joseph Skozen,* Hammond, *Nelson G. Grills,* Indianapolis, for appellants.

*John B. Goodrich,* Chicago, Illinois, for appellee Monon Railroad and *Straley Thorpe,* Hammond, for appellees.

HUNTER, J.—Appellees brought this action against the appellant Board of County Commissioners of Lake County to have an ordinance declared unconstitutional, contrary to law, and unenforceable. The ordinance, which had been enacted by the County Commissioners, incorporated the Town of Cedar Lake, Indiana. The appellees prevailed in the trial court, and the appellant Board filed a "motion for a new trial", contending that:

"1. The finding and decision of the Court are not sustained by sufficient evidence and are contrary to law.

2. An error of law occurring at the trial, in that the Court erred in admitting into evidence, over the objection of the defendants, the following evidence:

Evidence submitted by Straley Thorpe concerning a survey taken of the attitude toward incorporation of the people of the area included on the petition to create the Town of Cedar Lake, . . ."

The trial court overruled the motion, and the appellants sought appellate relief from this court. Originally, the sole error assigned was "overruling the appellant's motion for a new trial."

The appellees then moved to dismiss the appeal, contending that the motion for a new trial was inadequate and did not properly preserve any issues for appeal. In support of their contention, the appellees pointed out that the motion for a new trial did not have the specificity or supporting memorandum required by Supreme Court Rule 1-14B.

The appellants answered by asserting that a motion for a new trial was not required in the case at bar. In addition, the appellants offered an amended assignment of errors pursuant to Rule 2-6. The assignment of errors, as amended, would read as follows:

"1. That the court erred in its judgment finding for the plaintiffs on their appeal, and denying the petition to incorporate.

2. In denying a motion for a new trial taken as an 'exception to the order of the court.'

3. In overruling the petition for a re-hearing."

This court would prefer to allow an assignment of errors to be amended rather than to dismiss an appeal because of a procedural technicality. Thus, if the assignment of errors, as amended, will result in a proper perfection of the appeal, the motion for dismissal should be denied and the appeal should be decided on its merits.

Supreme Court Rule 2-6 provides in part:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently."

Thus, if a motion for a new trial is an appropriate procedure in the case at bar, this motion is the only means by which the appellants could bring the issues involved in this appeal before the court. Unless a motion for a new trial is not required in this type of action, the assignment of errors, even as amended, is insufficient to present any issue to this court.

We agree with the appellants' contention that there is neither a specific rule nor precise statutory guides governing this appeal. Likewise there is no 'four square' case law to assist counsel in an appeal of the case at bar. However there are statutes and Supreme Court rules relating to appeals from interlocutory orders and relevant procedures applicable to cases such as the one before us that may be utilized for the purpose of direction for a review, on appeal, of the matter in controversy.

Appellants argue that this action is governed by Ind. Ann. Stat. § 3-3306 (1968 Repl.) which provides:

"Appeals from any final judgment on a public lawsuit shall be governed by, and taken in the same manner and with the same time limits, as appeals from interlocutory orders of a circuit or superior court under applicable law, including but not limited to Acts 1921, c. 251."

If this is true, no motion for a new trial would be required, as it is not a necessary procedure in appealing from an interlocutory order. The appellees contend that this statute does not apply to the case at bar, and that the Act of which it is a part only applies to suits against existing municipal corporations.

The appellees' appeal from the action of the Board of County Commissioners to the Lake Superior Court resulted in the following action by the trial court:

"The court having deliberated on said matter now makes the following ruling—The Court finds for plaintiffs on their appeal, and petition to incorporate is hereby denied."

A literal interpretation of the Act reveals that the appellees' contention is without merit. The statute governs "any final judgment on a *public lawsuit.*" The term *"public lawsuit"* is expressely defined by Ind. Ann. Stat. § 3-3301 (1968 Repl.) to include:

"Any action to declare invalid or enjoin the creation, organization or formation of any municipal corporation."

This is precisely the nature of the action in the case at bar. It follows that § 3-3306 governs this appeal and that a motion for a new trial is not required as a prerequisite to the appeal.

We therefore hold that the appeal procedure governing interlocutory orders is applicable to the case at bar. Hence (1) the appellees' motion to dismiss should be denied, and (2) the appellants' motion to amend the assignment of errors should be granted pursuant to Supreme Court Rule 2-6 which provides in part as follows:

. . . "amendments may be permitted upon such terms as the court shall direct."

The appellees have requested that in the event their motion to dismiss is denied that they be granted thirty days time from such ruling to file an answer brief. Supreme Court Rule 2-15 provides in part as follows:

". . . In all appeals from interlocutory orders, the appellant shall have ten (10) days after submission to file his brief. The appellee shall have ten (10) days after the filing of the appellant's brief within which to file his brief. The appellant shall have five (5) days after the filing of the appellee's brief in which to file his reply brief . . ."

The appellees' request for thirty days in which to file their brief is denied. Appellees are hereby granted ten days from the date of the filing of this order in which to file their brief.

All of which is ordered this 20th day of June, 1969.

DeBruler, C. J., Arterburn and Givan, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 243 N. E. 2d 340.