## CITY OF ELKHART *v.* CURTIS REALTY COMPANY.

[No. 669S142. Filed March 18, 1970. No petition for rehearing filed.]

*Paul L. Myers, F. Leroy Wiltrout,* of Elkhart, for appellant.

*Philip E. Byron, Jr., Byron & Daniels,* of Elkhart, for appellee.

DEBRULER, J.—This appeal presents serious questions of the scope and proper application of the Acts of 1967, ch. 357, being Burns' Ind. Stat. Ann. §§ 3-3301 through 3-3308, commonly called the Public Lawsuit Statute. This is an appeal from an interlocutory order in which the trial court denied a petition of the appellant which alleged that the appellee's suit was a public lawsuit and requesting a hearing and order against the plaintiff to post bond pursuant to Burns' Ind. Stat. Ann. § 3-3305. The court in denying this petition, in effect determined that the suit by appellee seeking judicial review of a declaratory resolution of a board of public works made pursuant to Acts 1955, ch. 190, being Burns' Ind. Stat. Ann. §§ 48-8470 through 48-8482, commonly called the Off-street Parking Statute, was not a "public lawsuit" as defined in the Public Lawsuit Statute. We affirm this order of the trial court.

On May 13, 1969, appellee, Curtis Realty Company, filed its complaint in the Elkhart Superior Court No. II, entitled "Complaint on Appeal," against the appellant, City of Elkhart, A Municipal Corporation, praying:

> "Wherefore the plaintiff respectfully prays the court that the proceedings of the said Board of Public Works and Safety of the defendant be rescinded and cancelled and declared to be null and void and of no effect whatsoever

together with any and all other just and proper relief in the premises."

The complaint alleged that:

(1) On March 11, 1969, the Board of Public Works adopted a resolution recommending to the common council establishment of an off-street parking facility.

(2) On March 17, 1969, the Common Council adopted a resolution approving the recommendation of the Board of Public Works and authorizing the Board to proceed with acquisition of land and development of the off-street parking facility.

(3) On March 18, 1969, the Board of Public Works adopted a declaratory resolution describing the planned off-street parking facility in detail, including legal descriptions of land to be acquired for the facility, and setting a date for a public hearing thereon for April 10, 1969.

(4) On April 9, 1969, the appellee, Curtis Realty Company, filed written objections and remonstrance to the proceedings before the Board of Public Works.

(5) On April 10, 1969, the Board of Public Works heard the appellee's remonstrance and continued the hearing to April 17, 1969.

(6) On April 17, 1969, the Board of Public Works adopted a resolution modifying and finally confirming the declaratory resolution, which resolution contained a description of the land of the appellee upon which the proposed facility would be constructed and contained the following statement:

"And that said real estate should be acquired by purchase or by the appropriation of the property described therein and as modified, or by eminent domain, and should be acquired, improved and developed as a tri-level off street parking facility."

(7) On May 13, 1969, the appellee filed its complaint seeking judicial review of the proceedings to establish the off-

street parking facility, pursuant to Burns' § 48-8474, and following the procedure outlined in Acts 1933, ch. 245, being Burns' Ind. Stat. Ann. §§ 48-4501 through 48-4509.

(8) The complaint contained allegations that the proceedings to establish the off-street parking facility were illegal, arbitrary and capricious, that the exercise by the Board of its eminent domain powers is unreasonable and abuse of discretion, and finally that the proceedings of the Board were invalid as a denial of due process of law.

On May 20, 1969, the appellant, City of Elkhart, filed a petition alleging that this case was a public lawsuit and asking for a hearing on the petition and requesting an order requiring the appellee, Curtis Realty Company, to file a bond or suffer dismissal of the case. The trial court set hearing on this petition for May 29, 1969. On May 29, 1969, the parties appeared in court and the petition was submitted to the court and argument of counsel heard. The court thereafter entered the following order denying the petition:

"IT IS THEREFORE considered, ordered and adjudged by the Court that the defendant's petition be and is hereby denied."

The appellant had filed its petition pursuant to § 5 of the Public Lawsuit Statute, Burns' § 3-3305, which reads as follows:

"At any time prior to the final hearing in a public lawsuit, the defendant may petition for an order of the court that the cause be dismissed unless the plaintiff shall post a bond with surety to be approved by the court payable to defendant for the payment of all damages and costs which may accrue by reason of the filing of the lawsuit in the event the defendant prevails. A hearing shall be had on such petition in the same manner as the hearing on temporary injunctions under Acts 1881 (Spec. Sess.), c. 38. If at the hearing the court determines that the plaintiff can not establish facts which would entitle him to a temporary injunction, the court shall set the amount of bond to be filed by the plaintiff in an amount found by the judge to cover all damage and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the

defendant prevails. In the event such bond is not filed by the plaintiff with sureties approved by the court within ten (10) days after such order is entered the suit shall be dismissed. Either plaintiff or defendant may appeal such order to the Indiana Supreme Court within such ten (10) day period by notice of appeal and a statement of error in the same manner as is provided in a petition for mandate or prohibition. The Supreme Court may stay the lower court order pending its own decision, may set a bond to be filed by the plaintiff in connection therewith, may modify the order of the lower court, or may enter its order as a final order in a case. In the event no bond is filed as provided in this section the public lawsuit shall be dismissed and no court shall have further jurisdiction of the public lawsuit or any other public lawsuit involving any issue which was or could have been raised therein."

Public lawsuit is defined by § 1 of the Act, Burns' § 3-3301, which reads as follows:

"(b) 'Public lawsuit' shall mean any action whereby the validity, location, wisdom, feasibility, extent or character of construction, financing or leasing of any public improvement by any municipal corporation is questioned directly or indirectly including but not limited to suits for declaratory judgments or injunctions to declare invalid or to enjoin such construction, financing or leasing, and shall mean any action to declare invalid or enjoin the creation, organization or formation of any municipal corporation. This definition, as used in this act, shall not be construed to broaden any right of action as is now validly limited by applicable law."

In appellant's brief it cites *State ex rel. Haberkorn* v. *De-Kalb Circuit Court* (1968), 251 Ind. 283, 241 N. E. 2d 62. The *Haberkorn* case does not control this case because there are important dissimilarities between these two cases. The plaintiffs there were dissatisfied with the site selected by the school board for the construction of a new school building. They filed a suit for an injunction wherein neither party challenged the fact that that suit fell in the category of public lawsuits. Interpreting the *Haberkorn* case in *Johnson* v. *Tipton Community Schools* (1970), 253 Ind. 460, 255 N. E. 2d 92, we held that the purpose of the Public Law-

suit Statute was to "eliminate merely harassing suits or completely non-meritorious litigation." The appellee in this case is exercising its statutory right to appeal the decision of the board of public works adopting a declaratory resolution, and therefore, appellee's suit is not part of a flood of "harassing" litigation.

The appellant's argument is that the appellee's suit is a public lawsuit because it is an action seeking a determination of the "validity, location, wisdom, feasibility, extent or character of construction or leasing," of a public improvement within the meaning of Burns' § 3-3301(b).

At first glance our recent case, *Board of County Commissioners of Lake County v. Sims* (1969), 252 Ind. 362, 248 N. E. 2d 340, would appear to hold that appellee's suit to review the decision of the board of public works is a public lawsuit. However, no such inference is warranted from our holding in that case since that case involved an appeal from the passage of an ordinance incorporating a new town, authorized by the Town Incorporation and Annexation Act of 1959, being Burns' Ind. Stat. Ann. § 48-110, and as such was specifically made a "public lawsuit" in the following excerpt:

"... public lawsuit shall mean ... any action to declare invalid or enjoin the creation, organization or formation of any municipal corporation." Burns' § 3-3301(b), *supra*.

The decisive aspect of this case is the proper characterization of appellee's legal status and its suit. The Public Lawsuit Statute provides that plaintiffs to a "public lawsuit" may sue either in their capacity as citizens or as taxpayers and that such suits are deemed class suits. Burns' § 3-3303. Appellee cannot here be characterized merely as a taxpayer or citizen. Clearly, the appellee in this instance has maintained his suit as an individual landowner seeking to protect his individual property rights.

Appellees' suit is more correctly viewed as part of an eminent domain action. The exercise of the power of eminent

domain by a municipal corporation for off-street parking facilities is granted to the corporation and governed by the provisions of the Off-Street Parking Statute. The Off-Street Parking Statute requires the adoption of declaratory resolutions, like the one sought to be reviewed by appellee's suit, as a mandatory condition precedent to the exercise of the power of eminent domain. Burns' § 48-8474. The right of appeal of such declaratory resolutions to the courts is likewise granted by the statute. Burns' § 48-8474. When judicial review of the decision of the board is sought, judicial approval of the resolution becomes a condition precedent to the exercise of the power of eminent domain.

The appellee's suit is seeking judicial review of the resolution which is itself the basis of a possible future condemnation suit. Appellee is in the same position as a landowner who has filed objections in the trial court to eminent domain proceedings pursuant to Burns' § 3-1705. The right of this appellee-landowner is based upon the same principles as is the right of a landowner to file objections in a condemnation case. In both cases the landowner is seeking a judicial review of a decision of a governmental authority which determines that land owned by the landowner must be taken by the government and utilized for the public. This right of a landowner to resort to the courts has been carefully protected by this Court. For example, in *Cemetery Co.* v. *Warren School Twp. of Marion Co. et al.* (1957), 236 Ind. 171, 139 N. E. 2d 538, a landowner in a condemnation suit filed objections to the taking by the condemnor township. The trial court dismissed the objections on the ground that the statute which delegated the eminent domain power to the township contained no provision authorizing such objections. In reversing, this Court stated:

"At some place in the proceedings, and by some method the landowner is entitled to contest the legality of the condemnation proceedings and question the authority under which the attempt is being made to take his property including

the issue of whether or not it is a private or public purpose."
236 Ind. at 178.

And in *Derloshon* v. *City of Fort Wayne* (1968), 250 Ind. 643,
234 N. E. 2d 269, this Court said:

"Eminent domain proceedings for seizing private prop-
erty are powerful instruments of government. Such powers
and rights, however, are not unlimited, and the private
property owner and citizen has a right constitutionally to
defend against subterfuge and bad faith in the seizure of
his property and may show that it is not to be applied to
the public purpose and use as alleged. We do not have here
a question of the constitutionality of the Redevelopment
Act, but rather a question of whether or not a private prop-
erty owner has a right to raise the issue that a public official
or a public body is acting outside its power and scope of
authority and is arbitrary and capricious in attempting to
seize private property for other than a public purpose, and
in fact, for private use of another private party. It would
seem to us that the answer is obvious: that no private citi-
zen can be compelled to submit to the actions of public
officials or a board which he claims to be arbitrary and
capricious without a right to be heard on that question;
otherwise, democratic government ceases and becomes dic-
tatorial."

This reasoning applies with equal force to the appellee-
landowner here, who is faced with a declaratory resolution
describing his land as the site of the proposed public facility
and which constitutes a first step in the process of acquiring
that land. The difference between the appeal from the adop-
tion of the resolution by the board in the case at bar and the
filing of objection by a landowner in a condemnation suit is
in the degree of finality and completeness of the proceedings.
The scope of the trial court's inquiry into the legality of the
proceedings would be essentially the same in both cases. The
proceedings of the board and filing of a condemnation suit
with its antecedent governmental decisions, are both intended
to result in the loss by the landowner of his prpoerty.

Appellee is likewise in the same position as a landowner
who is in court seeking a judicial review of the legality of a

decision of a municipal corporation to take his land by the administrative procedures set up in the Municipal Corporation Eminent Domain Act, being Burns' Ind. Stat. Ann. §§ 48-2001 through 48-2010. This Court has carefully protected the right of citizen landowners to judicial review of the decisions of municipal corporations to acquire land by this form of eminent domain procedure. *Slentz* v. *City of Fort Wayne* (1953), 233 Ind. 226, 118 N. E. 2d 484; *Cemetery Co.* v. *Warren School Twp. of Marion Co., et al., supra; Hagemann, et al.* v. *City of Mt. Vernon* (1958), 238 Ind. 613, 154 N. E. 2d 33.

We hold, therefore, that the Public Lawsuit Statute does not apply to appellee's suit wherein it challenges, as a landowner, the legality of the board proceedings which are part of and so closely related to the exercise by the appellant of its power of eminent domain to take appellee's land. To hold otherwise would be of doubtful constitutional validity.

The decision of the trial court is affirmed.

Hunter, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 384.