GLOSSER, ET AL. *v.* CITY OF NEW HAVEN.

[No. 1069S223. Filed February 26, 1971.]

*Richard W. George, Bloom & Bloom,* of counsel, of Fort Wayne, *Arthur H. Gemmer, Gemmer & Frosch,* of counsel, of Indianapolis, for appellants.

*Arthur H. Fruechtenicht, Robert J. Parrish,* of Fort Wayne, *George B. Gavit, Ice Miller Donadio & Ryan,* of Indianapolis, for appellees.

GIVAN, J.—The plaintiffs (appellants) filed their complaint in the trial court ". . . to enjoin *ultra vires* action by the city of New Haven and its Mayor and its Common Council, to set aside certain sewage ordinances as capricious, discriminatory

and void." The trial court held the action to be a public lawsuit as defined in Indiana Acts of 1965, Chapter 357, Burns Ind. Stat., 1968 Repl., § 3-3301 *et seq.* The trial court then on partial summary judgment held two of the three questioned ordinances valid. Trial was had on the question of the validity of the third ordinance. After hearing the evidence, the court also held this ordinance valid.

The appellants now claim error by the trial court, first in the ruling that the action was a public lawsuit, and second on the findings that the questioned ordinances were valid. The appellees filed a motion to dismiss this appeal on the ground that the appellants failed to file a notice of appeal within the thirty day period required by the public lawsuit statute. Burns, 1968 Repl., § 3-3306. Appellants contend that this action is not a public lawsuit and as such is not subject to the public lawsuit statute. Appellants maintain they have the usual ninety day period in which to bring their appeal under the Rules of this Court. In support of their contention appellants maintain that they do not fall within the two classes of persons who could bring a public lawsuit. They cite as their authority the recent case of *City of Elkhart* v. *Curtis Realty Co.* (1970), 253 Ind. 619, 256 N. E. 2d 384, 387, 20 Ind. Dec. 503. In that case this Court held the following factors for consideration in determining whether a case is a public lawsuit or not:

> "The decisive aspect of this case is the proper characterization of appellee's legal status and its suit. The Public Lawsuit Statute provides that plaintiffs to a 'public lawsuit' may sue either in their capacity as citizens or as taxpayers and that such suits are deemed class suits. Burns § 3-3303. Appellee cannot here be characterized merely as a taxpayer or citizen."

In the case at bar the appellants are neither taxpayers nor citizens of the city of New Haven. They reside outside the city limits and therefore do not have the legal status necessary to maintain a public lawsuit. In *Gariup* v. *Stern* (1970), 254 Ind. 563, 261 N. E. 2d 578, 22 Ind. Dec. 455, this Court reaffirmed the test as to whether a suit is a public lawsuit or

not through resolution of the legal status of the parties and the nature of the plaintiff's claim. In the case at bar the action falls under the second categorization because it is an action seeking an injunction of "the construction, financing, or leasing of any public improvement by a municipal corporation." This brings the action under the public lawsuit definition found in Burns, 1968 Repl., § 3-3301. We hold, however, the public lawsuit statute should be strictly construed to require both a proper legal status *and* type of lawsuit before a plaintiff is required to bring his action exclusively under the provisions of the public lawsuit statute. We hold, therefore, that although this is the type of action which comes under the public lawsuit statute, the appellants do not fall within that group of persons having legal status to maintain such a suit.

Appellees' motion to dismiss heretofore filed in this Court is, therefore, denied.

The appellants are not precluded from bringing a private action as they have done here when they have a personal interest in the subject. See *Gariup* v. *Stern, supra*. In this case the appellants had sufficient standing to bring this cause of action since they are ratepayers to the city and the expenditures made by the municipal corporation would necessarily affect their sewer rates. We hold this to be a sufficient personal interest for appellant to maintain this cause of action. *City of Elkhart* v. *Curtis Realty Co., supra*.

The trial court granted appellees' motion for summary judgment on ordinances G-26-67 and G-27-67. The court denied summary judgment as to ordinance G-25-67 finding that there were issues of fact existing as to that ordinance which had to be determined by trial. Partial summary judgment is permitted in Indiana in Rule 56(D) of the present rules of this Court. This rule is identical with Burns Ind. Stat., § 2-2524(d) which existed at the time the motion for summary judgment was presented to the trial court. The rule reads as follows:

"(D) *Case not fully adjudicated on motion.* If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

From a procedural point of view the trial court was therefore correct in disposing of the case by a partial summary judgment deciding the remaining issues at a subsequent trial. The court's ruling on partial summary judgment was interlocutory in character and was not an appealable final judgment. *Fender* v. *Herald-Times, Inc.* (1969), 145 Ind. App. 575, 251 N. E. 2d 843, 19 Ind. Dec. 162. Burns Ind. Stat., § 2-3218.

Appellees assert that the appellants have failed to present the question of summary judgment because of the failure to comply with Rules 2-6 and 2-2 of the then existing Rules of this Court. While a proceeding in summary judgment is not a trial, a partial summary judgment results in some issues being determined as a matter of law and others being tried for determination of fact. Therefore, in the case of a partial summary judgment there is a trial. A motion for a new trial as it existed at the time of this trial or a motion to correct errors as it exists today was the proper procedure. The ruling on partial summary judgment was interlocutory in character and not directly appealable. In such cases the appeal must lie through asserting error in the motion for new trial or the motion to correct errors as the case may be. Therefore, the provisions in Rules 2-2 and 2-6 have been complied with by these appellants. Appellants

have properly presented these questions to this Court concerning the trial court's ruling on the partial summary judgment through their motion for new trial.

Appellees' motion for summary judgment was supported by a brief and affidavits of the Mayor of the city of New Haven and the Clerk-Treasurer. The appellants filed no counter affidavits opposing the motion for summary judgment before the date set for the hearing. Burns Ind. Stat., § 2-2524 (c) provides that for the purposes of summary judgment only pleadings, depositions, admissions, answers to interrogatories and affidavits will be considered. A brief does not fall within the classification set out in the statute and can only be looked at for propositions of law and not for facts within the meaning of the statute. *Schill* v. *Choate* (1969), 144 Ind. App. 543, 247 N. E. 2d 688, 17 Ind. Dec. 601. The only pleading filed on the part of the appellants was their verified complaint along with attached exhibits. The appellees filed an answer before they filed their motion for summary judgment. The facts alleged in appellants' verified complaint must be accepted as true. *Papp* v. *City of Hammond* (1967), 248 Ind. 637, 230 N. E. 2d 326, 11 Ind. Dec. 468.

Appellees contend that the appellant could not stand on his pleading but must respond to the motion for summary judgment or in effect admit the validity of their motion. Citing *Kapusta* v. *DePuy Mfg. Co.* (1967), 141 Ind. App. 479, 229 N. E. 2d 828, 11 Ind. Dec. 277. Appellees have failed to realize that on transfer of the *Kapusta* case to this Court it was expressly held that failure to file counter affidavits does not entitle the moving party to summary judgment as a matter of law. This Court disapproved of the Appellate Court's holding in the *Kapusta* case. See *Kapusta* v. *DePuy Mfg. Co., Inc.* (1968), 249 Ind. 679, 234 N. E. 2d 487, 13 Ind. Dec. 311. This principle has been reaffirmed in the new Rules of this Court which provide in Rule 56 (C) as follows:

". . . . Summary judgment shall not be granted as of course because the opposing party fails to offer opposing

affidavits or evidence, but the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence."

In passing upon the trial court's determination on the granting of a summary judgment or partial summary judgment we determine whether that court was correct in its determination that there was no genuine issue as to any material fact. *Central Realty, Inc.* v. *Hillman's Equipment, Inc.* (1969), 253 Ind. 48, 246 N. E. 2d 383, 389, 17 Ind. Dec. 178. If it appears that there are genuine issues as to material facts the summary judgment cannot be granted. This Court stated in *Central Realty, Inc., supra:*

> "Summary judgment cannot be granted, however, when it is necessary to weigh the evidence contained in the supporting affidavits, draw conclusions of fact from that evidence, and thereby determine a preponderance of the evidence. In ruling on motions for summary judgment, the court may not decide questions of fact, but is limited to the sole determination of whether or not a factual controversy exists. In short, summary judgment is not a procedure for trying facts and determining the preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists."

The complaint in this case which was verified by Jack Fisher included the following statement of facts with regard to ordinance G-26-67:

> "A. Rate Ordinance G-26-67, which was purportedly enacted on January 15, 1968, and upon which the validity of said other two Ordinances was dependent, was not passed at any duly convened meeting of Defendant City Council, but instead was pretendedly passed by Defendant City Council after said City Council had adjourned its meeting on said date and after said City Council had waited until all interested persons, including Plaintiffs, had left said meeting in reliance upon the announcement of its adjournment by Defendant Mayor."

Therefore, there was conflicting factual determination to be made which could not be made by the court without a trial.

Sewer Use Ordinance G-27-67 became operative only upon the enactment of the Rate Ordinance G-26-67.

We thus find that as to both ordinances G-26-67 and G-27-67 there was a clear issue of fact evidenced by the pleadings and affidavits before the trial court which would necessitate a trial on the facts.

We, therefore, hold that the trial court erred in granting the partial summary judgment as to ordinances G-26-67 and G-27-67. This cause is therefore remanded with instructions to the trial court to grant appellants' motion for new trial.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 67.