RICHARD GORDON HATCHER ET AL. *v.* BOARD OF COMMISSIONERS OF LAKE COUNTY, INDIANA.

[No. 272A113. Filed December 29, 1972.]

*Julian B. Allen,* Gary, *Walter K. Black, William R. Ming,* of Chicago, Illinois, for appellants.

*Fred M. Cuppy,* of Gary, *William J. Muha,* of Highland, *Joseph L. Skozen,* of Hammond, for appellees.

### STATEMENT ON THE APPEAL

STATON, J.—A petition to incorporate an area adjacent to Gary, Indiana known as Merrillville was filed by its residents with the Lake County Commissioners. Mayor Richard Gordon Hatcher and the Concerned Citizens of the City of Gary appeared at the hearing on the petition and filed a written remonstrance. The Board of County Commissioners passed the ordinance incorporating Merrillville. A review of their action was sought in the Lake Circuit Court by Mayor Hatcher and the Concerned Citizens of the City of Gary. The Board of County Commisisoners filed a motion to dismiss the review

of their action in Circuit Court. This motion to dismiss questons the standing of Mayor Hatcher and the Concerned Citizens of the City of Gary to seek a review of the Lake County Commissioners' action under the appeal procedures set forth by the Town Government Act of 1969.

The Lake Circuit Court granted the motion to dismiss which is the basis of this appeal. The four issues raised as a result of this ruling are discussed in our opinion below. These issues are enumerated and set forth separately in the *Statement of the Issues* section of this opinion.

STATEMENT OF THE FACTS: On July 27, 1971, Merrillville residents filed a petition with the Board of County Commissioners, who shall hereinafter be referred to as Commissioners, seeking incorporation under the Town Government Act of 1969, IC 1971, 18-3-1-1 *et seq.*; Ind. Ann. Stat. § 48-129 *et seq.* (Burns 1972 Supp.). The Commissioners conducted a hearing on October 4, 1971 pursuant to IC 1971, 18-3-1-7; Ind. Ann. Stat. § 48-135 (Burns 1972 Supp.). Mayor Hatcher and the Concerned Citizens of the City of Gary, who shall hereinafter be referred to as the Mayor and Concerned Citizens, appeared at the hearing to oppose the petition. Leave was granted them by the Commissioners to file a written remonstrance. It was filed on October 22, 1971.

The Commissioners approved "Ordinance No. 1" incorporating Merrillville as a town on December 30, 1971. The Mayor and Concerned Citizens sought review of the Commissioners' action in the Lake Circuit Court on January 27, 1972. The Commissioners filed their motion to dismiss the review of their action which incorporated Merrillville. They contend that the Mayor and Concerned Citizens did not ". . . have the legal status contemplated in the Indiana Town Government Act of 1969 to properly file the above captioned action . . ." to review their action. The motion to dismiss was granted by the Lake Circuit Court on January 31, 1972.

The record of the proceedings from the Lake Circuit Court was received by our clerk's office on February 29, 1972. On March 20, 1972, the Mayor and Concerned Citizens filed a "Petition for Extension of Time to File Brief" and a "Petition to Suspend Consideration of the Appeal." On April 5, 1972, the Commissioners filed a "Motion to Dismiss Appeal or Affirm."

By order of this court, dated April 27, 1972, the Mayor and Concerned Citizen's "Petition to Suspend Consideration of the Appeal" was denied. They were given 45 days to file their briefs and the Commissioners' "Motion to Dismiss Appeal or Affirm" was held in abeyance until consideration of the case on the merits. Oral argument was concluded before this court on October 26, 1972.

STATEMENT OF THE ISSUES: The four issues raised by the Lake Circuit Court ruling upon the Commissioners' motion to dismiss are:

    I. Does the Town Government Act of 1969 give the Mayor and Concerned Citizens a statutory right of appeal?
    II. Are the Commissioners estopped to question the legal status of the Mayor and Concerned Citizens?
    III. What is the application of the Public Lawsuit Statutes in this case?
    IV. Should the "Motion to Dismiss Appeal or Affirm" be sustained?

STATEMENT ON THE LAW: The Commissioners have urged at oral argument and in their briefs that we must first decide whether the Public Lawsuit Statutes[1] apply to the Mayor and Concerned Citizens under the Town Government Act of 1969. The Commissioners proceed to this conclusion on the premise that the Public Lawsuit Statutes apply to a person seeking review under the statutory right afforded by IC 1971, 18-3-1-11; Ind. Ann. Stat. § 48-139 (Burns 1972 Supp.). This

---

1. IC 1971, 34-4-17-1 *et seq.*; Ind. Ann. Stat. § 3-3301 *et seq.* (Burns 1968).

premise is erroneous. The Public Lawsuit Statutes do not extend to one seeking review under statutory authority.

IC 1971, 18-3-1-11, *supra*, reads as follows:

"Ordinance—Division of town into wards—Election of officers—Right of appeal.—If the terms and conditions of section 208 [§ 48-138] of this act have been reasonably complied with, an ordinance may be introduced incorporating the town. The ordinance shall divide the area of the proposed town into not less than three [3] nor more than seven [7] wards, having due regard for the equitable distribution of the population of the area among the wards and shall appoint a resident inspector for each ward for the purpose of conducting forthwith an election of officers of the town in accordance with the laws and procedures for the election of town officials.

"Thereafter, the board of trustees of any town incorporated under the provisions of sections 201 through 209 [§§ 48-131—48-139] of this act, or under any other act, may, at any time not less than sixty [60] days preceding the election of town officers, redistrict the town in like manner. The procedure for passage of the ordinance shall be that procedure which is used to govern the promulgation and passage of ordinances by cities and may be appealed as provided in Chapter 245, Acts 1933 [§§ 48-4501—48-4509], as amended and supplemented: Provided, That if the land encompassed by the proposed town lies within two [2] or more counties, the circuit or superior court of any affected county shall have jurisdiction of the appeal at the option of those appealing. Any party to the proceedings before the board of county commissioners shall have the right of appeal."

By this provision the legislature has afforded to a "party to the proceedings before the board of county commissioners" an exclusive right to appeal to the circuit or superior courts. Not only has the legislature given the right of appeal to a "party to the proceedings" but it has also defined the procedural steps that must be taken in perfecting the appeal by stating:

". . . The procedure for passage of the ordinance shall be that procedure which is used to govern the promulgation and passage of ordinances by cities and *may be appealed as*

*provided in Chapter 245, Acts 1933* [§§ *48-4501—48-4509*], as amended and supplemented: . . ." (our emphasis) IC 1971, 18-3-1-11, *supra.*

When the legislature gives the right to appeal in the enacting legislation, such as the Town Government Act of 1969, it excludes all other remedies. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646; *Teepe* v. *Review Board* (1964), 136 Ind. App. 331, 200 N.E.2d 538; *Neal* v. *Review Board Indiana Employment Security Div.* (1972), 153 Ind. App. 630, 288 N.E.2d 561; and *Public Service Commission* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308.

To hold that the Public Lawsuit Statutes apply to a "party to the proceedings" would create conflict not only in the method of appeal but also in the procedural requirements set forth in IC 1971, 18-5-17-1 *et seq.*, Ind. Ann. Stat. § 48-4501 *et seq.* (Burns 1963). Thus, the Public Lawsuit Statutes have no affect on a person seeking review under the statutory authority of IC 1971, 18-3-1-11, *supra.*

Therefore, our first task is to determine if the Mayor and Concerned Citizens were parties "to the proceedings before the board of county commissioners. . . ."

ISSUE ONE: *Does the Town Government Act of 1969 give the Mayor and Concerned Citizens a statutory right of appeal?*

We have stated above that IC 1971, 18-3-1-11, *supra,* gives the right to appeal the decision of the Commissioners to "any party to the proceedings before the board of county commissioners." The only limitation on this right is that the person appealing must be a "party" and must conform to the procedural requirements of IC 1971, 18-5-17-1 *et seq., supra.*

We must now decide:

A. Whether the Mayor and Concerned Citizens were "parties"; and

B. If "A" above is decided in the negative, whether Mayor Hatcher would be a proper "party" since it has been contended that he represents ". . . The city councils of . . . existing cities . . . any part of which lies within three [3] miles of the perimeter of the proposed new town." IC 1971, 18-3-1-7; Ind. Ann. Stat. § 48-135 (Burns 1972 Supp.).

A. The Commissioners contend that the legislature by enacting IC 1971, 18-3-1-7; Ind. Ann. Stat. § 48-135 (Burns 1972 Supp.) and IC 1971, 18-3-1-8; Ind. Ann. Stat. § 48-136 (Burns 1972 Supp.), meant to limit "parties" to only those enumerated in IC 1971, 18-3-1-7, *supra.*

IC 1971, 18-3-1-7, *supra,* and IC 1971, 18-3-1-8, *supra,* read as follows:

"Hearing—Procedure.—The board of county commissioners shall hold a public hearing on the petition in not less than sixty [60] nor more than ninety [90] days from the date of the filing of the petition, and shall cause the petitioners to send notice thereof by certified mail to the following:

(a) The residents, resident landowners and nonresident landowners of the area as listed in the petition.

(b) The city councils of all existing cities and the town boards of all existing towns, any part of which lies within three [3] miles of the perimeter of the proposed new town.

(c) The board of county commissioners of any other county or counties within which lies a portion of the proposed new town.

(d) The trustee of any township or townships within which lies all or a portion of the proposed new town." IC 1971, 18-3-1-7, *supra.*

"Remonstrance.—The recipients of notice required by section 205 [§ 48-135] of this act shall be parties to and shall have the right to be heard at the public hearing. A verified remonstrance against incorporation signed by a least fifty-one per cent [51%] in number of the owners of a fee simple interest in real property within the affected area, or by the owners of seventy-five per cent [75%] in assessed valuation of real estate in the affected area presented at any time during the proceedings, including an appeal, if any, shall stop the incorporation: Provided, That the board of county commissioners or court shall have the right to determine the validity of the remonstrance by submitting it to the

county auditor for verification. A petition for incorporation once denied may not be resubmitted for at least one [1] year from the date of final denial." IC 1971, 18-3-1-8, *supra*.

It is the Commissioners' position that by setting up certain classes of persons to whom notice and opportunity to be heard must be given, the legislature has limited "parties" to only those enumerated.

Statutes which require notice to be given to certain enumerated persons designate necessary parties. 1 F. COOPER, STATE ADMINISTRATIVE LAW 323 (1st ed. 1965). A further refinement of the question is: Was it the intent of the legislature to limit "parties" to just necessary parties or could a person whose interest may indirectly or collaterally be affected be allowed to intervene and thus become a "party"? 1 F. COOPER, STATE ADMINISTRATIVE LAW 325-328 (1st ed. 1965).

Prior to 1959, no standards for necessary parties were set up in the Town Government laws.[2] Case law prior to the adoption of such standards gave the right to be a "party" to any person who was opposed to the petition. *Harris* v. *Millege* (1898), 151 Ind. 70, 72-73, 51 N.E. 102; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 482, 71 N.E. 494. However, in order to appeal the decision of the Board of County Commissioners one had to be: ". . . [a] person aggrieved. . . ." IC 1971, 17-1-14-24, Ind. Ann. Stat. § 26-901 (Burns 1970).

In 1959, the legislature not only required notice to be given to specific persons but also restructured the appeal process. 1966 O. A. G. 163, 164, No. 23.

By changing the notice requirements and restructuring the appeal process, our opinion is that it was the intent of the legislature to limit "parties" to those enumerated in IC 1971, 18-3-1-7, *supra*.

---

2. The notice requirements of IC 1971, 18-3-1-7, *supra*, constitute a re-enactment of the notice requirements of the Town Government Act of 1959, Ind. Ann. Stat. § 48-111 (Burns 1968, Repealed January 1, 1970).

Therefore, the Mayor and Concerned Citizens were not "parties" before the Board of County Commissioners.[3]

B. The Mayor and Concerned Citizens contend that even if "parties" is given a restrictive meaning, the Mayor of Gary would be a proper "party" under IC 1971, 18-3-1-7, *supra,* because he represents the: ". . . city councils of . . . existing cities . . . any part of which lies within three [3] miles of the perimeter of the proposed new town." The Mayor and Concerned Citizens state that Rule TR. 19 (F) of the Indiana Rules of Procedure allows the common council of the City of Gary to appear under the caption: "City of Gary;" and that the City of Gary is represented by Mayor Hatcher. *A fortiori,* the Mayor represents the common council.

The purpose of Rule TR. 19 (F) is to give notice to the particular governmental agency being sued. If a party merely names the State in his complaint then there is no notice to a subdivision of the State that they are the particular agency being sued. Under the Rule, the same construction is given to the State, county, or city when they bring suit. Merely designating the City of Gary does not give notice to the Commissioners that the suit is being brought by the common council of the City of Gary. Neither would naming the Mayor in his official capacity, for the mayor of a city of the second class is not by law a member of the common council of such city. IC 1971, 18-2-1-4.2; Ind. Ann. Stat. § 48-1215 (Burns 1972 Supp.) ; IC 1971, 18-1-3-3; Ind. Ann. Stat. § 48-1403 (Burns 1963).

The common council of the City of Gary is not designated as a party to the action and Mayor Hatcher is not designated as representing their interest.[4]

---

3. IC 1971, 18-3-1-8; Ind. Ann. Stat. § 48-136 (Burns 1972 Supp.) specifically provides: "The recipients of notice required by section 205 (§ 48-135) of this act shall be parties to and shall have the right to be heard at the public hearing. . . ." These parties shall also have the right to appeal.

4. We note in Rule TR. 19 (F) of the Indiana Rules of Procedure that failure to name the proper governmental organization is subject to

ISSUE TWO: *Are the Commissioners estopped to question the legal status of the Mayor and Concerned Citizens?*

The Mayor and Concerned Citizens further contend that even if they are not parties under the statute, the Commissioners are estopped to question their status at the Circuit Court level, since the Commissioners raised no objection to their appearance at the hearing. The Mayor and Concerned Citizens are confusing the right to participate at the hearing with the statutory status of a "party" at the hearing. Only the statutory "party" has the right to be heard and the right to appeal.[5] The Board of County Commissioners can allow anyone to participate in the hearing who they feel has something to contribute. This is discretionary with the Board of County Commissioners. It does not confer upon such persons the status of a "party." The legislature has reserved that right to those enumerated in IC 1971, 18-3-1-7, *supra.*

While it is generally true that a failure to make a timely objection will waive an objection at a later point in the proceedings thus creating an estoppel,[6] the Commissioners are given a statutory right to question the Mayor's standing and the Concerned Citizen's standing at the Circuit Court level. IC 1971, 18-5-17-2 Ind. Ann. Stat. § 48-4502 (Burns 1963) provides:

---

the provisions of the Rules of Procedure relating to parties, and in Rule TR. 21(A) of the Indiana Rules of Procedure we find:

". . . Incorrect names and misnomers may be corrected by amendment under Rule 15 at any time."

See *Mays* v. *Parker* (1970), 147 Ind. App. 81, 258 N.E.2d 666.

5. "The recipients of notice required by section 205 (§ 48-135) of this act shall be parties to and shall have the right to be heard at the public hearing. . . ." IC 1971, 18-3-1-8; Ind. Ann. Stat. § 48-136 (Burns 1972 Supp.).

". . . Any party to the proceedings before the board of county commissioners shall have the right of appeal." IC 1971, 18-3-1-11; Ind. Ann. Stat. § 48-139 (Burns 1972 Supp.).

Also see footnotes 2 and 3.

6. See *J. I. Case Co.* v. *Sandefur* (1964), 245 Ind. 213, 197 N.E.2d 519; and *Metropolitan Development Commission of Marion County* v. *Camplin* (1972), 153 Ind. App. 622, 288 N.E.2d 569.

". . . Such [board of commissioners] . . . may file a motion to dismiss the appeal on the ground that the complaint was not filed within the time allowed by law, or upon any other jurisdictional ground affecting the subject-matter or the parties."

The Commissioners had a statutory right to raise the issue of standing before the Circuit Court. The estoppel argument is without merit. We reject it.

ISSUE THREE: *What is the application of the Public Lawsuit Statutes in this case?*

We have already determined that the Mayor and Concerned Citizens are not "parties to the proceedings" before the Board of County Commissioners. This determination does not preclude a request for a declaratory judgment providing they possess the necessary requisite standing. *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119. Without any other statutory authority to support their action in the Lake Circuit Court, it is our opinion that the action filed by the Mayor and Concerned Citizens is a public lawsut.

The Mayor and Concerned Citizens seek to avoid the sanctions of the Public Lawsuit Statutes by claiming that they do not come within the two-pronged test of *Glosser* v. *City of New Haven* (1971), 256 Ind. 33, 267 N.E.2d 67.[7] *Glosser* v. *City of New Haven, supra,* has no application to the facts of this case. *City of Elkhart* v. *Curtis Realty Co.* (1970), 253 Ind. 619, 256 N.E.2d 384, which is the primary authority for *Glosser* v. *City of New Haven, supra,* does apply to the facts of this case; the Court held that suits to ". . . declare invalid or enjoin the

---

7. The main thrust of both parties seems to be founded upon the belief that the Public Lawsuit Statutes confer new rights to bring "public suits." This is an erroneous assumption. On the contrary, the purpose of the Public Lawsuit Statutes was to force people attacking governmental decisions to bring their suits as class actions and put a stop to harrassing litigation. It affords no new remedy. It imposes sanctions.

creation, organization or formation of any municipal corporation" were specifically made a public lawsuit by the Public Lawsuit Statutes. *City of Elkhart* v. *Curtis Realty Co., supra,* 253 Ind. at 624, 256 N.E.2d at 386. See also *Board of County Commissioners of Lake County* v. *Sims* (1969), 252 Ind. 362, 248 N.E.2d 340. In *Board of County Commissioners of Lake County* v. *Sims, supra,* the appellees had brought an ". . . action against the appellant Board of County Commissioners of Lake County to have an ordinance declared unconstitutional, contrary to law, and unenforceable. The ordinance, which had been enacted by the County Commissioners, incorporated the Town of Cedar Lake, Indiana." *Board of County Commissioners of Lake County* v. *Sims, supra,* 252 Ind. at 363, 248 N.E.2d at 340.

The action brought by the Mayor and Concerned Citizens in the Lake Circuit Court was a suit for declaratory judgment, and it embraces the Public Lawsuit Statutes.

ISSUE FOUR: *Should the "Motion to Dismiss Appeal or Affirm" be sustained?*

The Commissioners contend that if the suit filed in the Lake Circuit Court is a Public Lawsuit then by virtue of IC 1971, 34-4-17-6; Ind. Ann. Stat. § 3-3306 (Burns 1968), any appeal *from* the Circuit Court must be taken in the same manner and with the same time limits as appeals from interlocutory orders. Rule AP. 8.1(B) of the Indiana Rules of Appellate Procedure provides:

> "In all appeals from interlocutory orders, the appellant shall have ten (10) days after filing the record to file his brief. . . ."

The record confirms that neither brief nor motion for extension of time was filed ten days from the date of submission of the record. The Commissioners further contend that this court must dismiss the appeal.

Rule AP. 8.1(B) is a substantial re-enactment of the pre-1970 Supreme Court Rule 2-15. Interpreting Rule 2-15, the

Supreme Court held in the case of *Cheatham* v. *Brunner* (1963), 244 Ind. 604, 194 N.E.2d 807, that the time limits for filing briefs are mandatory and that ". . . in an appeal from an interlocutory order, if the appellant's brief is not filed within the ten-day period after submission, the appeal will be dismissed." *Cheatham* v. *Brunner, supra,* 244 Ind. at 607, 194 N.E.2d at 808.

Since Rule 2-15 and Rule AP. 8.1(B) are substantially alike, the case law construing Rule 2-15 is still controlling. *Hilliker* v. *Citizens Street Railway Co.* (1899), 152 Ind. 86, 88, 52 N.E. 607; and *City of Indianapolis* v. *Schmid* (1968), 251 Ind. 147, 240 N.E.2d 66.

*Cheatham* v. *Brunner, supra,* is definitive.[8] We must grant the Commissioners' motion to dismiss the appeal.

This appeal should be and the same hereby is dismissed.

Hoffman, C.J. and Sharp, J., concur.

---

8. Justice Hunter held in *State ex rel. American Reclamation & Refining Co.* v. *Klatte* (1971), 256 Ind. 566, 572, 270 N.E.2d 872, 875:

"Thus we are forced to hold that appellees' brief can in no regard be deemed timely filed. [This case was also an interlocutory order case.] In such a case, we feel the consideration of appellees' brief is entirely discretionary with the court, it being 'before us' by virtue of Rule AP. 8.1(C). Where, as here, the matter under review is of great public importance, justice will best be served if we are to have the advantage of argument from all parties involved. Consequently and in pursuance of our discretionary power in this regard, we shall consider appellees' brief on the merits."

But *State ex rel. American Reclamation & Refining Co.* v. *Klatte, supra,* held the question of timely filing discretionary on the authority of Rule AP. 8.1(C). Rule AP. 8.1(C) pertains only to appellee's briefs and appellant's reply briefs.