EUGENE BARNETT ET AL. *v.* THE CITY OF INDIANAPOLIS ET AL., SHUMAKER BROTHERS INDUSTRIES, INC.

[No. 2-673A140. Filed October 1, 1973. Rehearing denied November 6, 1973.]

*Michael T. Dugan, II,* of Indianapolis, for appellants.

*Ronald L. Baker,* of Indianapolis, for defendant-appellee. *Paul J. DeVault, Krieg, DeVault, Alexander & Capehart,* of Indianapolis, for intervenor-appellee.

PER CURIAM.—This cause is pending before the Court on the Appellees' Motion to Dismiss which alleges that this action was a Public Lawsuit as defined by Ind. Ann. Stat. § 3-3306, that any appeal from a public lawsuit must be taken as an interlocutory appeal, and that because appellants failed to timely perfect their appeal within 30 days after the judgment dismissing the cause, and further failed to file their brief within 10 days thereafter, this attempted appeal should be dismissed.

The crux of the matter then is whether the action in the trial court was, or was not a public lawsuit.

The complaint in the trial court, a Petition for Temporary Restraining Order Without Notice and for Permanent Injunction was filed by the Petitioner Eugene Barnett, a member of a class of Plaintiffs, and alleges that the class was so numerous that joinder of all members was impractical, that there were questions of fact and law common to the class, that the claims of the representative parties are typical of the claims of the class and that the representative parties of the class will fairly and adequately protect the interests of all of the class. The complaint then alleged that the Department of Transportation of the City of Indianapolis adopted a resolution for permanent improvements for a certain area, and circulated petitions for approval of the project; that the petitioner also circulated petitions opposing said project; that the defendants illegally completed said project are now proceeding with collection of assessments, all to the irreparable harm and injury of the petitioners. Petitioners prayed for a temporary restraining order to restrain defendants from

taking any further action against the petitioners, and that a hearing be set on petitioners' request for permanent injunction to determine the validity of the acts of defendants. Pursuant to this petition a temporary restraining order was issued, restraining the defendants "from any further acts whatsoever against the petitioners in this matter" until further order.

In response to this Petition the defendants filed a motion to dismiss which alleged that the plaintiffs had an adequate remedy at law, that the plaintiffs were guilty of laches in not seeking review of defendants' actions before completion of the improvement, that plaintiffs have accepted the benefits of the improvements and should be estopped from enjoining assessment of the cost, that this is a public lawsuit as defined by statute and the plaintiffs did not fulfill an important condition precedent to bringing such an action, namely, they did not exhaust the administrative remedies available to them.

Subsequently, Shumaker Brothers Industries, Inc., sought and was granted leave to intervene, and filed its motion to dismiss which alleged essentially the same matters as the defendants' motion to dismiss.

Thereafter the trial court held a pre trial conference. The record reflects that on January 23, 1973, "Arguments were heard and the court now finds for defendants, City of Indianapolis, and Intervenor, Shumaker Bros. Industrial, Inc., cause dismissed." The judgment formalizing this decision was entered on February 1, 1973. Plaintiffs filed their Motion to Correct errors on March 21, 1973, which was overruled the same day with the restraining order being continued against the defendants. Plaintiffs filed their praecipe on March 27, 1973, and filed the record of the proceedings in this court on June 19, 1973.

As earlier stated, Appellees contend this was a public lawsuit, and therefore the appeal should have been perfected

within the time permitted for interlocutory appeals, that this appeal was not timely filed and should be dismissed.

Appellants, on the other hand, assert that this was an action to enjoin certain actions of the defendants because of fraud, that it was brought after the public improvements were completed, that it was not a public lawsuit and no reason exists to accelerate the appeal process in this case.

After having examined the statute, having carefully read the cases decided under the statute, and having compared this case to the statute and prior cases, we reach the conclusion that this case falls within the ambit of the public lawsuit statute.

The statute defining public lawsuits is Ind. Ann. Stat. § 3-3301(b) (Burns 1968 Repl.) and reads as follows:

"(b) *'Public lawsuit'* shall mean any action whereby the *validity,* location, wisdom, feasibility, extent or character *of* construction, *financing* or leasing *of any public improvement by any municipal corporation is questioned* directly or indirectly, *including* but not limited to *suits* for declaratory judgments *or injunctions to declare invalid or to enjoin such* construction, *financing* or leasing, and shall mean any action to declare invalid or enjoin the creation, organization or formation of any municipal corporation. This definition, as used in this act, shall not be construed to broaden any right of action as is now validly limited by applicable law." (our emphasis)

The import of the plaintiffs' complaint was that the construction project was initiated in an arbitrary and capricious manner. The allegations directly questioned the validity of the public improvement project. Moreover, it sought to enjoin the final adoption of the Final Assessment Roll and thus, enjoin the financing of the project. Such action appears to us to be clearly within the statutory definition of a public lawsuit.

Plaintiffs-Appellants chose not to follow the statutory remedy provided for appeal from the decision of the Board of Public Works to make the improvement, as provided for by

Ind. Ann. Stat. § 48-2808 (Burns 1963 Repl.). Neither did they choose to avail themselves of the remedy of appeal to the Circuit or Superior Court from the final assessment against their property as provided by Ind. Ann. Stat. § 48-2814 (Burns 1963 Repl.). Instead, plaintiffs-appellants chose the extraordinary remedy of seeking to enjoin collection of the assessments made against their property by the City. This action, in our view, clearly fits the type of case defined by the public lawsuit statute.

The public lawsuit statute was enacted to protect against a flood of harassing litigation which obstructs and delays public improvement. *State ex rel. Haberkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E.2d 62; *Johnson* v. *Tipton Comm. School Corp.* (1970), 253 Ind. 460, 255 N.E.2d 92.

In the case of *City of Elkhart* v. *Curtis Realty Co.* (1970), 253 Ind. 619, 256 N.E.2d 384, the appellee Curtis Realty Co. had filed a complaint to appeal a declaratory resolution of the board of public works, said complaint being filed pursuant to the statutory procedure outlined in Ind. Ann. Stat. § 48-4501—48-4509. Our Supreme Court, in holding that this was not a public lawsuit, pointed out that this was the case of an individual landowner, seeking to protect its individual rights and that the appellee was exercising its statutory right to appeal the decision of the board of public works, and therefore its suit was not a public lawsuit.

In the case of *Hatcher* v. *Board of Commrs. of Lake County* (1972), 155 Ind. App. 27, 290 N.E.2d 801, this Court held that in an action brought pursuant to statutory authority to appeal an action from the Board of County Commissioners to the Circuit or Superior Court, the public lawsuit statute does not apply.

However unlike those cases, the plaintiffs in this case did not follow the avenues of statutory redress open to them.

Instead, they filed, as a class action, a Petition for Restraining Order and Injunction, to enjoin collection of the assessments levied against their respective properties after they had received the benefits of the improvement. This clearly appears to be the type of harassing litigation that the legislature sought to prevent or limit when it enacted the public lawsuit act.

Having determined that this was a public lawsuit, it is readily apparent that the appeal was not perfected within the time permitted by statute and rule of Court. The statute providing for the time within which to appeal decisions in public lawsuits is Ind. Ann. Stat. § 3-3306 (Burns 1968 Repl.) and reads as follows:

> "Appeals from final judgment.—Appeals from any final judgment on a public lawsuit shall be governed by, and taken in the same manner and with the same time limits, as appeals from interlocutory orders of a circuit or superior court under applicable law, including but not limited to Acts 1921, c. 251."

This procedure was recently affirmed by our Supreme Court in the case of *Teperich* v. *North Judson-San Pierre H.S. Bldg. Corp.* (1971), 257 Ind. 516, 275 N.E.2d 814. In that case the Supreme Court pointed out the provisions of rule TR. 65 (E) which reads in part as follows:

> "Nothing in this rule shall affect provisions of statutes extending or limiting the power of a court to grant injunctions. By way of example and not by way of limitation, this rule shall not affect the provisions of 1967 Indiana Acts, ch. 357, §§ 1-8 [Burns Stat., §§ 3-3301—3-3308 (Repl. 1968] relating to public lawsuits.   *   *   *"

Rule TR. 59 (G) provides that a Motion to Correct Errors shall not be required in the case of appeals from interlocutory orders. Rule AP. 3 (B) requires that in appeals and reviews of interlocutory orders, the record of the proceedings shall be filed within 30 days of the ruling. Rule AP. 8.1 (B) provides that in appeals from in-

terlocutory orders, the appellant shall have 10 days after the filing of the record to file his brief.

The record in this case reveals that the trial court's judgment dismissing the case was entered on February 1, 1973. Instead of appealing directly from that judgment as provided by statute and rule, appellants interposed a Motion to Correct Errors. The record of the proceedings was not filed in this Court until June 19, 1973, more than four months after the judgment was entered. Appellants did not file their brief within 10 days thereafter, nor did they petition within the 10 day period for an extension of time within which to file their brief.

Because this appeal was not perfected within the time permitted by statute and rule, this Court is without jurisdiction and the Appellees' Motion to Dismiss must be sustained.

Cause dismissed.

NOTE.—Reported at 301 N.E.2d 526.