STARKE COUNTY ET AL. *v.* BASS LAKE PROPERTY
OWNERS ASSOCIATION.

[No. 3-973A122.  Filed January 23, 1974.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellants.

*Ronald St. Martin,* of Knox, for appellees.

ON APPELLEE'S MOTION TO DISMISS APPEAL

PER CURIAM—This cause is before the Court on the Appellee's Motion to Dismiss, which alleges that this cause is an interlocutory appeal from the issuance of a temporary injunction, that the record of the proceedings was not filed in this Court within 30 days after the temporary injunction was issued, that the Appellants' brief was not filed within 10 days after the record was filed, that the Appellants did not file an assignment of errors in this Court, and that by reason of all of the above and foregoing, this Court does not have jurisdiction of this appeal and the same should be dismissed.

We have examined the record herein and agree with Appellee that the order sought to be appealed is an interlocutory order, not a final judgment and therefore this cause should be dismissed. The record reveals that on April 13, 1973, the Plaintiff-Appellee filed its petition for injunctive relief alleging that the Defendants-Appellants were in the process of cutting approximately six inches off the Bass Lake Dam with the intention of lowering Bass Lake, and praying the

Court to issue a temporary restraining order restraining the defendants from lowering the dam or lake level, mandatory relief, and finally a permanent injunction. On the same day, the Court issued a temporary restraining order and set the matter for further hearing on April 13. Subsequently the hearing was re-set for April 17, at which time the defendants filed motion to dissolve temporary restraining order and to dismiss plaintiff's petition for injunctive relief. The Court heard evidence, took the matter under advisement, and continued the temporary restraining order.

Thereafter on May 8, 1973, the Court entered its findings of fact and issued its temporary injunction which reads as follows:

"The Court having had this matter under advisement, now enters Special Findings of Fact and grants a Temporary Injunction.

"The Indiana Department of Conservation or the Indiana Department of Natural Resources has done nothing during the past 25 years to either lower or raise the level of Bass Lake and the State now asks the Court to define the word "maintain" as only "meaning to lower". This interpretation the Court cannot accept.

"The Court defines the word "maintain" as to keep constant—to do that which is necessary to prevent a variance from an established position or level. The Court interprets the Legislature in Burns 27-627 as having in mind the normal situation where water can be caught in or released from a drainage structure, thus keeping the water at any desired and specified level.

"IT IS THEREFORE, ADJUDGED AND DECREED by the Court that the Indiana Department of Natural Resources, their agents, servants, employees or contractors are hereby temporarily restrained and enjoined from allowing any water to escape from Bass Lake which would not have escaped had the dam not been lowered.

"The Court takes judicial knowledge of the fact that while it has had this matter under advisement, the attorneys for all parties have contacted the Court stating that someone is removing sandbags from the dam, that water is washing the sandbags out, that too much water is escaping, etc. Therefore, as a practical method to implementing this

temporary injunction, to preserve a semblance of order, and to protect those in a position of maintenance responsibility, the Court orders the Indiana Department of Natural Resources to replace the cut-out portion of the dam and to return said dam to its original height before cutting on April 13, 1973.

"The Starke County Commissioners and the County Highway Department, their overseers, employees, agents and servants are hereby enjoined and restrained from, in any way, lowering the water level of Bass Lake from its present level.

"All entered this 8th day of May, 1973, until further order of Court."

On May 31, 1973 the defendants filed their amended Motion to Correct Errors addressed to this order of temporary injunction. (Curiously enough, defendants had previously filed a Motion to Correct Errors directed to the temporary restraining order issued on April 13.) The Motion to Correct Errors was overruled June 22, the praecipe filed July 2, the record of the proceedings was filed September 19, and Appellants' brief was filed October 19, 1973.

The Appellants contend in their opposition to the Motion to Dismiss that the above set out Temporary Injunction issued on May 8, 1973, was a final judgment which disposed of all the issues between the parties and has precluded any further action by either party. We fail to understand Appellants' position. The order issued by the Court has none of the earmarks of a final judgment. The order is that the Appellee Indiana Department of Natural Resources is *temporarily* restrained from certain acts. The order then requires the dam to be restored as a practical method to implement this *temporary* injunction, *all until further order* of the Court. This is clearly an interlocutory order, not a final judgment.

If Appellants wanted to appeal this order, they should have perfected the appeal within 30 days after it was issued. The Appellants' attempted appeal is too late and must be dismissed.

The Appellee's Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 305 N.E.2d 900.