**Lyle FRANZEN and Thomas Penn Johnson, Plaintiffs-Appellants,**

v.

**William CARMICHAEL, Michael Aylesworth, and Walter S. Campbell, Board of Commissioners of Porter County and the Community Theatre Guild, Inc., Defendants-Appellees.**

**No. 3–877A204A.**

Court of Appeals of Indiana, Third District.

Jan. 22, 1980.

GARRARD, Presiding Judge.

On March 15, 1977, appellants Thomas Penn Johnson and Lyle Franzen filed a public lawsuit seeking to enjoin the Board of Commissioners of Porter County (Board) from giving effect to a lease between the Board and the Community Theatre Guild and to have the lease declared void. The lease of the Memorial Opera Hall, a county building, covered a period of five years with a five year option. Prior to the execution of the lease on December 6, 1976, Johnson had submitted several proposals to the Board for the formation of a civic group to be known as the Valparaiso Young Players. The proposals requested the "use" of the hall during the summer of 1977 with Johnson as the director of the group. Johnson and Franzen [1] prayed that the lease be declared void and that the Board be enjoined from enforcing the lease because it "deprived the Valparaiso Young Players and other citizens of the use and benefit of the hall." A hearing was held for a preliminary injunction, which was denied. On May 11, 1977, the trial court granted summary judgment on the basis that the action was brought by a private group to contest their grievance with the Board and the suit was not a public lawsuit as defined in IC 34–4–17–1 *et seq.*

Johnson, on appeal, first contends that the court erred in not entering special findings of fact after denying the preliminary injunction. Indiana Rules of Procedure, Trial Rule 52(A)(1) does require that special findings of fact be made without request in refusing a preliminary injunction. However, Johnson has waived his right to raise this issue on appeal by failing to take a timely interlocutory appeal. AP 3. Furthermore, in the findings accompanying the summary judgment the trial court found that there was no evidence submitted at the preliminary injunction hearing to show any irreparable injury and that there was no substantial question to be tried.

---

Thomas Penn Johnson, pro se.

Robert Welsh, Harris & Welsh, Chesterton, Calvin K. Hubbell, Valparaiso, for defendants-appellees.

1. Franzen has signed all pertinent documents filed with the trial court but has not joined in this appeal.

■ Johnson next alleges that the trial court erred in setting the cause for final hearing at the hearing on the preliminary injunction before an answer could be filed. Johnson has failed to cite any authority for this allegation and he does not reveal how he was harmed by the trial court's action. We find no reversible error.

■ In addition, Johnson contends that the trial court erred in refusing to enter a default judgment against appellees. The decision whether or not to enter a judgment by default is within the sound discretion of the trial court. *Green v. Karol* (1976), Ind. App., 344 N.E.2d 106; *Citizens National Bank of Grant County v. First National Bank in Marion* (1975), 165 Ind.App. 116, 331 N.E.2d 471. Appellees filed their answer the day after the motion for default judgment was filed. We find no abuse of discretion in the trial court's decision not to enter a judgment in default.

Johnson next takes issue with several findings of fact made by the trial court. At the outset we note that we will not disturb the findings unless they are clearly erroneous. TR 52(A).

■ Finding # 1 states "The plaintiff represents a small group of people referred to as the Valparaiso Young Players in the plaintiff's complaint." Johnson objects to this finding because "technically" the group does not yet exist. Johnson is merely proposing to organize the group with himself as the director. While technically the facts do support Johnson's assertions, the finding is not clearly erroneous. Johnson did refer to this group in his complaint and has held himself out as the spokesman or representative of those persons who would be or are interested in forming the Valparaiso Young Players.

■ Finding # 2 states that plaintiff asked the Board of Commissioners to lease the hall to the Valparaiso Young Players. Johnson insists that he only requested to "use" the hall not lease it. There is no evidence in the record to support the court's finding that the Valparaiso Young Players requested to enter into a lease for the hall. However, the finding is correct in the sense that Johnson wanted to be the sole occupant of the hall during the summer of 1977.

Finding # 3 states that the Board leased the hall to another group on December 6, 1976. Johnson alleges this in his complaint. The finding is not erroneous.

■ Johnson next asserts that finding # 5, as set out previously, was erroneous. Inasmuch as the record filed with this court does not contain the transcript of the hearing on the preliminary injunction, nothing is presented to us for review on this point. *Kerkhof v. Dependable Delivery, Inc.* (1975), Ind.App., 338 N.E.2d 513.

■ The next allegation of error is that the trial court erred in concluding that this lawsuit was not a public lawsuit. IC 34–4–17–1 *et seq.* allows citizens of Indiana in their capacity as citizens or as taxpayers to bring a class action to challenge the validity, location, wisdom, feasibility, extent or character of construction, financing or leasing of any public improvement by a municipal corporation.

"The legislative intent in permitting any citizen of a local community to test the need for and the extent of proposed improvements is founded on the singular hope that such actions will bring to light—prior to construction—any facts which would render the project unnecessary or improper. The desirability of discovering such problems prior to construction lies in the power of the court to enjoin or order appropriate modification of the proposed plans, thereby preventing the squandering away of the community's limited fiscal resources. It follows that a citizen who brings a public lawsuit does so on behalf of all fellow citizens, for it is to their benefit which any judgment shall accrue. Thus, the Public Lawsuit Statute does not provide a new vehicle for disgruntled bidders. *Gariup v. Stern* (1970), 254 Ind. 563, 261 N.E.2d 578, or landowners seeking to vindicate their own property interests, *City of Elkhart v. Curtis Realty Co.* (1970), 253 Ind. 619, 256 N.E.2d 384. In short, the act which authorizes public lawsuits '. . . shall not be construed to broaden any right of

action as is now validly limited by applicable law.' "

*State ex rel. Sekerez v. Lake Superior Court, Rm. 4* (1975), 263 Ind. 601, 335 N.E.2d 199, 200. The statute requires both a proper legal status and type of lawsuit before a plaintiff is permitted to bring his action under the provisions of the public lawsuit statute. *Glosser v. City of New Haven* (1971), 256 Ind. 33, 267 N.E.2d 67; *Gariup v. Stern* (1970), 254 Ind. 563, 261 N.E.2d 578; *City of Elkhart v. Curtis Realty Co.* (1970), 253 Ind. 619, 256 N.E.2d 384. Although the Commissioner's actions in leasing the hall might form the proper basis for a public lawsuit, the plaintiffs have failed to establish such a suit by their claim. Johnson did not bring this action on behalf of all fellow citizens but rather on behalf of himself and a proposed civic group. He comes before the court not as a citizen or a taxpayer but as an individual seeking redress for a wrong allegedly done to him and his proposed group of young players. This action is not a public lawsuit but a private one. The trial court did not err in so finding and in entering summary judgment on that basis.

Johnson's final allegation of error is that a genuine issue of material fact existed as to whether the appellees acted in contravention of statute in leasing the hall and that it was error to grant summary judgment. Judgment was not entered on the grounds that there was no genuine issue of material fact as to validity of the lease but that the court did not have jurisdiction to hear the case as a public lawsuit. Since we have determined that this conclusion is correct, there is no necessity to discuss this final issue.

Affirmed.

HOFFMAN, J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent for two reasons: first, the Appellants have standing to bring a class action. They were proposing an alternate use of a public building. Rather than leasing the building, the public would use public facilities for public productions of plays. There is not sufficient evidence to support a finding that the Appellants are a privately formed group for private purposes.

Secondly, a summary judgment was rendered by the trial court before an answer had been filed. This procedure violates the letter and spirit of Ind.Rules of Procedure, Trial Rule 56 and should be discouraged.

For the above reasons, I dissent, and I would reverse the trial court's summary judgment with instructions to set aside the summary judgment and to try the issues on the merits.