Larry **BOWYER, an individual, & Larry Bowyer d/b/a Bowyer Excavating Co., Appellant (Defendant Below),**

v.

Ron **VOLLMAR d/b/a Vollmar Excavating & Wrecking Co., Appellee (Plaintiff Below).**

No. 18A04–8609–CV–289.

Court of Appeals of Indiana, Fourth District.

March 25, 1987.
Rehearing Denied May 11, 1987.

Jeffry G. Price, Peru, for appellant.

Elizabeth Costello, Muncie, for appellee.

YOUNG, Judge.

Larry Bowyer appeals a $4500.00 judgment in favor of Ron Vollmar. Bowyer asserts that:

1. The contract between Bowyer and Vollmar was rescinded by mutual agreement and therefore the trial court erred in entering judgment in favor of Vollmar;

2. The contract between the parties was required, under the Statute of Frauds, to be in writing and since no writing existed, the contract was unenforceable. Therefore, the trial court erred in entering judgment in favor of Vollmar;

3. The trial court erred by permitting testimony regarding the terms of the agreement between the parties; and

4. The trial court erred in concluding that Delaware County was a county of preferred venue.

We affirm.

In September, 1985, Vollmar advertised for sale a 1972 Mack tri-axle dump truck. Bowyer responded to the ad and met with Vollmar at Vollmar's place of business on Saturday, September 14, to discuss a possible deal. After negotiating for approxi-

mately two hours, the men agreed that Vollmar would give Bowyer the truck and a model airplane in exchange for $1500.00 and a paving machine with attachments. Bowyer had two paving machines for sale and Vollmar was to have his choice of one of the two paving machines.[1] When Bowyer and Vollmar ended their conversation, Vollmar signed the title to the Mack dump truck over to Bowyer and gave him the model airplane. Bowyer gave Vollmar a check for $1500.00. Vollmar also wrote a receipt which stated:

> Received from Larry Bowyer $1500.00 as partial payment on one—1972 DM 685 Mack Dump. Final payment to be *one* CMI curb and sidewalk paver.
>
> /s/ Ronald Vollmar

Bowyer was to deliver the paving machine and pick up the dump truck the following Monday.

On Sunday, September 15, Vollmar and Bowyer met by agreement at a restaurant in order to go view the two paving machines. After examining both machines, Vollmar selected the one he wanted. However, Bowyer was told by his son that the machine was unavailable because he had sold it. Upon learning the machine he had chosen was unavailable, Vollmar suggested a compromise, but no definite agreement was reached. Bowyer, however, agreed to call Vollmar on Monday to attempt to settle the dispute. The parties spoke with each other on Monday but could not agree on a mutually acceptable compromise. Bowyer returned the truck title to Vollmar but retained possession of the model airplane because Vollmar refused to take it back, believing it probably had been damaged. Vollmar, however, did not return the $1500.00 check. Rather, he attempted to cash the check but was unable to do so because Bowyer stopped payment on the check. Vollmar testified that he intended to enforce the original contract and had

told Bowyer that he would file an action against him. The parties did not speak again and Vollmar subsequently filed this action.

Bowyer asserts that even if an oral contract was formed between the parties, it was rescinded by mutual agreement. Therefore, he concludes that the trial court could not have found for Vollmar. We disagree.

■ The rescission of a contract can occur only by the mutual consent of the parties to the contract. *Lindenborg v. M & L Builders and Brokers, Inc.* (1973), 158 Ind. App. 311, 302 N.E.2d 816, 823. "[M]utual consent to the rescission of a contract may be evidenced by the acts of the parties as well as by an express agreement." *Id.* Thus, a party may rescind a contract if the other party expressly agrees to the rescission or fails to object and permits the rescission to occur. In either event, the rescission is deemed to take place by mutual consent. *Id.* Indiana adheres to the view that the function of rescission is to restore parties to their pre-contract position. Therefore, "a party seeking rescission must return all consideration or benefits received under the contract." *American Standard Ins. Co. v. Durham* (1980), Ind.App., 403 N.E.2d 879, 881.

■ In the present case, the evidence revealed that Vollmar did not want to rescind the contract unless Bowyer would agree to return the title to the Mack dump truck and give him a check for approximately $350.00 instead of returning the model airplane. Bowyer would not agree to pay $350.00 for the model airplane. Vollmar then informed Bowyer that he considered Bowyer to be in breach of the contract and would take him to court. Vollmar's subsequent actions were consistent with this threat. He attempted to cash Bowyer's check for $1500.00 and later filed suit. We also note that while Bowyer re-

---

1. The terms of the agreement were disputed. Bowyer claims that Vollmar was to have a choice only between the attachments, not between the machines. The trial court, however, found that Vollmar was offered his choice between the machines. Four witnesses testified to this effect. When a trial court supports its judg-

ment with special findings, we will affirm that judgment unless we are satisfied that the trial court's findings are clearly erroneous. *Chico Corp. v. Delaware-Muncie Bd. of Zoning Appeals* (1984), Ind.App., 466 N.E.2d 472, 474. In this case, the trial court's findings were fully supported by the record.

turned the truck title, he retained possession of the model airplane. Thus, neither the parties' conversations nor their actions would support a finding of rescission by mutual consent. The trial court properly found that rescission had not occurred and that the oral contract therefore remained binding on the parties.

■ Bowyer next asserts that any contract between himself and Vollmar was required to be in writing under the statute of frauds. Vollmar responds that Bowyer never raised this defense at trial and therefore is precluded from doing so on appeal. The "[f]ailure to raise an affirmative defense at trial will be deemed as waiver of that issue on appeal." *City of Michigan City v. Lake Air Corp.* (1984), Ind.App., 459 N.E.2d 760, 763. Although Bowyer asserts that this defense was presented at the trial court level, our search of the record has failed to uncover any evidence to support this assertion. Because of special circumstances, Bowyer never filed a written response to Vollmar's complaint. The trial court, however, permitted Bowyer to orally respond to the complaint. Bowyer therefore entered a general denial; he made no mention of his intent to rely on the affirmative defense of the statute of frauds. Throughout the trial and in closing argument, Bowyer made no mention of the statute of frauds. His first mention of the defense was in his motion to correct errors. Bowyer's argument that the trial court's judgment reveals that the court obviously was considering the applicability of the statute of frauds is simply unsupported by the record. To deduce that the trial court addressed the issue merely because the court utilized the words "personalty" and "substantial performance" stretches the imagination beyond reasonable bounds. The trial court's judgment clearly addresses itself to the issues presented at trial, *i.e.* was there an enforceable contract between the parties and, if so, was that contract rescinded. We therefore find that Bowyer waived the statute of frauds issue by not asserting the defense in a timely fashion. His assertion of the defense in his motion to correct errors simply came too late. *See VanBibber v. Norris* (1981), 275 Ind. 555, 419 N.E.2d 115, 126.

■ At trial, the court permitted Vollmar to testify as to the terms of the agreement between himself and Bowyer. Bowyer objected on the basis that a written agreement existed between the parties and therefore, the testimony violated the parole evidence rule. The "written agreement" Bowyer referred to was the receipt Vollmar wrote upon obtaining the $1500.00 check from Bowyer. As is clear from the evidence, the receipt was not intended by either party to be a final expression of their agreement. Thus, the parol evidence rule was inapplicable, and the testimony was properly admitted. *See,* IC 26–1–2–202.

■ Bowyer's final argument focuses on the trial court's denial of his motion to transfer the case to Miami County as a county of preferred venue. The plaintiff, Vollmar, lived in Delaware County, the county in which this action was filed. The dump truck was located in Delaware County. The defendant, Bowyer, resided in Miami County. One paving machine was located in Miami County and the other in Marshall County. The contract was negotiated and partially performed in Delaware County. Based on these facts, the trial court determined that Delaware County was a county of preferred venue and denied Bowyer's motion. The motion was filed on September 25, 1985 but was not denied until July 9, 1986, the date of trial. After the denial of the motion, the parties proceeded to trial. While we agree that Delaware County was not a county of preferred venue, we affirm the trial court because we find that Bowyer waived the right to appeal the court's ruling.[2]

Preferred venue requirements are established by Ind.Rules of Procedure, Trial

---

**2.** Neither party raised the issue of waiver with respect to the preferred venue claim. However, we are empowered to raise the issue of waiver when appropriate and are doing so in this case.

Rule 75. The rule, as it currently exists, states in pertinent part:

(E) Appeal. An order transferring or refusing to transfer a case under this rule shall be an interlocutory order appealable pursuant to Appellate Rule 4(B)(5); provided, however, that the appeal of an interlocutory order under this rule shall not stay proceedings in the trial court unless the trial court or the Court of Appeals so orders.

Prior to this amendment, the rule stated:

The ruling of a court granting or refusing to order a case transferred under this rule is not a final or appealable order or judgment, and error of the court therein is grounds for a new trial or reversible error only when evidence in the record shows that the party asserting error was prejudiced or injured thereby.

The amended rule specifically states that an order "transferring or refusing to transfer a case" under T.R. 75 is an interlocutory order and is appealable under Appellate Rule 4(B), which states in pertinent part:

Also, appeal [sic] from interlocutory orders shall be taken to the Court of Appeals in the following cases:

\*     \*     \*     \*     \*     \*

(5) Transferring or refusing to transfer a case pursuant to Trial Rule 75; ....

The filing of interlocutory appeals is governed by Ind.Rules of Procedure, Appellate Rule 3, which states in pertinent part:

In appeals and reviews of interlocutory orders the record of the proceedings *shall be* filed within thirty [30] days of the ruling.

(Emphasis added.) Although this specific issue has not been addressed with regard to preferred venue, it has been addressed with respect to preliminary injunctions.[3] It

has been consistently held that the failure to either file the record within the thirty day time period or seek leave for an extension of time to do so will result in the waiver of the right to appeal the interlocutory order. *See, e.g., Neel v. I.U. Board of Trustees* (1982), Ind.App., 435 N.E.2d 607, 613. An attempt to appeal an interlocutory order as if it were a final judgment will result in dismissal of the appeal or waiver of the issue when the appeal is not perfected within the thirty day time period. *Starke County v. Bass Lake Property Owners Ass'n* (1974), 159 Ind.App. 213, 305 N.E.2d 900; *Franzen v. Carmichael* (1980), Ind.App., 398 N.E.2d 1379, 1380.

In *Neel v. I.U. Board of Trustees, supra,* Neel sought a permanent injunction compelling the Indiana University School of Dentistry to reinstate him as a dental student. The trial court granted a preliminary injunction after a hearing on the merits. On direct appeal, Neel attempted to argue that the trial court erred in failing to make special findings pursuant to Ind.Rules of Procedure, Trial Rule 52(A) when it granted the preliminary injunction. Judge Sullivan, however, stated, "Neel has waived his right to raise this issue on appeal by failing to take a timely interlocutory appeal under Ind.Rules of Procedure, Appellate Rule 3." (*citing Franzen, supra* ) *Id.* at 613. Similarly, in *Starke County v. Bass Lake Property Owners Ass'n, supra,* the Indiana Court of Appeals, Third District, held that the attempted appeal of a temporary injunction came too late. The court noted that the order was not a final judgment but was clearly an interlocutory order. As such, any appeal of the order must have been perfected within 30 days after the order was issued. The attempt to appeal the order by direct appeal, *e.g.* through use of a motion to correct errors, was inappropriate, and the appeal was dis-

---

**3.** As with orders on preferred venue, the interlocutory appeal of an order on a preliminary injunction is governed by Appellate Rule 4(B) which states in pertinent part:

Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers.

missed as being filed too late. *Id.* at 901–02.

In the present case, the order Bowyer is attempting to appeal is clearly an interlocutory order under Appellate Rule 4(B)(5). Thus, pursuant to Appellate Rule 3, any appeal of this order must have been perfected within thirty days of the court's ruling. Bowyer's attempt to assert the error as part of his direct appeal came too late. The issue therefore has been waived.[4]

The trial court is affirmed.

MILLER and HOFFMAN, JJ., concur.

4. We do not address the issue of waiver of interlocutory appeals for which certification must be obtained from the trial court. Rather, we limit the scope of this opinion to interlocutory orders for which the right to appeal is specifically provided under Appellate Rule 4(B)(1)–(5).

We are cognizant of the fact that the trial court did not rule on Bowyer's motion until the day of trial. However, this does not alter the nature of the order or the requirement that it be appealed pursuant to the rules governing appeals from interlocutory orders. While we do not base our decision on this ground, we also note that there is authority holding that a party waives the right to appeal an interlocutory order by proceeding to trial. *See* 4 Am.Jur.2d Appeal and Error § 248. Although, in Indiana, an appeal from an interlocutory order will not automatically stay or postpone the proceedings in the trial court, a party may request a stay from either the trial court or the Court of Appeals. In the present case, alternative courses of action were available to Bowyer. The motion had been pending for several months and he could have requested the court to rule on it prior to the date of trial, thus, giving him time to perfect his interlocutory appeal. Bowyer also could have sought a continuance of the trial upon the court's ruling in order to give him time to perfect his appeal. He also could have requested the trial court to stay proceedings until the preferred venue issue was resolved.