**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant–Plaintiff,**

v.

**Stephen B. CAPLIN and Bonnie Caplin, Appellees–Defendants.**

**No. 49A05–9406–CV–210.**

Court of Appeals of Indiana.

Oct. 23, 1995.

Rehearing Denied Jan. 5, 1996.

W. Brent Threlkeld, Robert A. Durham, Rocap, Witchger & Threlkeld, Indianapolis, for Appellant.

Sharon R. Merriman, Symmes, Voyles, Zahn, Paul & Hogan, Indianapolis, for Appellees.

## OPINION

ROBERTSON, Judge.

United Services Automobile Association [USAA], an insurance company, appeals the judgment in favor of its insureds, Stephen B. and Bonnie Caplin in the amount of approximately $92,000.00 representing the cost to the Caplins of defending and settling a lawsuit. USAA raises two issues, but because one requires reversal, we address it only. Restated, it is:

> whether USAA was required to defend the Caplins in a lawsuit in which the theory of recovery alleged in the complaint sounded exclusively in intentional and actual fraud.

### PROCEDURAL HISTORY/FACTS

The parties dispute the procedural posture of the present case and thus, clarification is in order. In 1987, the Caplins sold their home to Maury and Elizabeth Zivitz. There would appear to be no dispute that the home had serious structural defects due to soil instability. In 1989, the Zivitzes brought a lawsuit against the Caplins. In 1991, the Zivitz filed an amended complaint which appears to make the same substantive factual and legal allegations made in their original complaint. The pertinent portions of the Zivitz' amended complaint read as follows:

> 5. After moving into the house, Zivitzes discovered hidden defects and learned that the house sold to them by the Caplins had severe structural and foundational defects that continue to exist and that had existed for a number of years prior to the transaction.
>
> 6. The Caplins knew that the house had serious foundational and structural defects.
>
> 7. The Caplins took affirmative steps to hide the defects so that they were not immediately visible to the eye, all with the intent and effect of defrauding Zivitzes.

Further, Caplins made fraudulent representations to Zivitzes.

8. The Caplins knowingly and intentionally committed fraud in the transaction all to the great damage and distress of the Zivitzes, who are thereby entitled to compensatory damages, including but not limited to cost or repair and lost market value of the house.

9. Zivitzes are entitled to punitive damages against Caplins in an amount that will sufficiently punish the Caplins and deter them and others from committing such acts of fraud in the future.

The Caplins had two USAA insurance policies, a homeowners and an umbrella policy. Both of these policies excluded coverage for expected or intended losses. Initially, USAA agreed to defend the Caplins with a reservation of their rights based on the relevant exclusions under the policies. USAA provided the Caplins with an attorney. However, the Caplins desired to use their own attorney and USAA acquiesced in that decision.

The Caplins obtained summary judgment and the Zivitz appealed. This court, by memorandum decision filed June 3, 1992, No. 06A01–9201–CV–3, reversed. In reversing the summary judgment, we relied on an overwhelming abundance of "smoking gun" evidence which supported the Zivitzes claim that the Caplins had intentionally defrauded them concerning the latent, and very serious, structural defects of the home. Soon after our decision was handed down, USAA withdrew its defense of the Caplins and filed the instant action for declaratory judgment.

The Caplins, by their attorney, proceeded in defending the lawsuit brought by the Zivitz. Ultimately, the lawsuit was settled on terms favorable to the Zivitz. Under the settlement agreement, the Caplins were required to 1) take the house back, 2) assume the mortgage thereon which had secured a balance due of approximately $125,000.00, and 3) pay the Zivitz $62,500.00. The settlement agreement also provided that the F.C. Tucker Co., the realtor who had represented the Caplins in the allegedly fraudulent sale of the house, pay the Zivitz an additional $42,-500.00. (The Caplins had originally listed the home for approximately $170,000.00).

In the present insurer-insured declaratory judgment action, both USAA and the Caplins moved the trial court for summary judgment. The trial court denied USAA's motion and granted the Caplins' motion. Thus, at that point, the trial court had determined, as a matter of law, that the Caplins were covered under their USAA policies.

USAA promptly sought to appeal the trial court's decision. However, we determined at a pre-appeal conference that the judgment was interlocutory in nature and that USAA would need to take a discretionary interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6). Instead of applying for certification to take an interlocutory appeal, USAA elected to proceeded to trial which it asserts was for the sole purpose of determining the Caplins' damages. Based upon its position that the sole purpose of the trial was to determine the Caplins' damages, USAA presented no evidence on the merits of the declaratory judgment action. USAA then perfected the present appeal after the judgment had become final.

The Caplins assert that USAA has waived the summary judgment issues due to its failure to perfect their interlocutory appeal, citing *Bowyer v. Vollmar* (1987), Ind.App., 505 N.E.2d 162, *trans. denied.* However, the denial of summary judgment may be appealed after final judgment. Ind. Trial Rule 56(E); *Morris v. G. Rassel, Inc.* (1991), Ind. App., 576 N.E.2d 596, 599. Thus, we hold that USAA has not waived its right to appeal the trial court's summary judgment rulings by waiting to take the appeal until the judgment had become final.

Additionally, the Caplins have taken the position that the trial held below was not just a damages trial but was held on the merits of the declaratory judgment action. Thus, the Caplins assert that this appeal is not of the summary judgment proceedings but is instead an appeal of a judgment on the merits. We disagree.

The effect of the trial court's award of summary judgment in favor of the Caplins was to rule, as a matter of law, that the Caplins were covered under their USAA policies. Thus, the only issue left to be litigated was the Caplins' damages for USAA's failure

to defend and indemnify them under the policy. Proceeding to trial on the merits of the declaratory judgment action after the trial court had effectively awarded judgment to the Caplins on this issue would have been futile and would have undermined the purpose of the summary judgment proceedings.

Moreover, this issue is of no moment because, as discussed earlier, USAA still could have appealed the denial of its motion for summary judgment even had the case been decided on the merits. And, as discussed below, we hold that the trial court erred in denying USAA's motion for summary judgment.

Therefore, in this appeal, we review the propriety of the trial court's action on the cross-motions for summary judgment.

## DECISION

■ Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Great Lakes Chemical Corp. v. International Surplus Lines Insurance Co.* (1994), Ind.App., 638 N.E.2d 847, 849. In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton* (1994), Ind.App., 641 N.E.2d 665, 667. The review of summary judgment requires the appellate court to employ the same standard as the trial court. *Farm Equipment Store, Inc. v. White Farm Equipment Company* (1992), Ind.App., 596 N.E.2d 274, 275. A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating the trial court erred. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434. Nevertheless, this court must carefully scrutinize the trial court's decision to ensure that the losing party is not improperly denied his day in court. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190. Where the evidence is undisputed and there are no unresolved facts to be determined, it is proper for the appellate court to determine as a matter of law that summary judgment was rendered for the wrong party. *Indiana Department of Insurance v. Zenith Re–Insurance Co., Ltd.* (1992), Ind., 596 N.E.2d 228, 229.

■ Our supreme court's decision in *Transamerica Insurance Services v. Kopko* (1991), Ind., 570 N.E.2d 1283, controls. The *Kopko* court held that an insurer's duty to defend is determined solely by the nature of the complaint. *Id.* at 1285; *Fidelity and Guaranty Insurance Underwriters, Inc. v. Everett I. Brown Company, L.P.* (7th Cir. 1994), 25 F.3d 484, 489;[1] *City of Jasper Indiana v. Employers Insurance of Wausau* (7th Cir.1993), 987 F.2d 453. Thus, when the nature of the claim as alleged in the complaint is obviously not covered by the insurance policy, there is no duty to defend. 570 N.E.2d at 1285.

■ Moreover, the *Kopko* decision is factually on point. The *Kopko* court held that the insurance company had no duty to defend where the complaint alleged the intentional, actual fraud in the sale of home with respect to structural defects in a home due to soil instability where the insurance policy excluded coverage for expected or intended losses. *Id.*

In the present case, the Zivitzes' complaint sounded exclusively in intentional, actual fraud. Therefore, USAA was not required to defend the Caplins under either insurance policy, both of which excluded coverage for expected or intended losses.

■ The Caplins argue that USAA is estopped from denying them coverage because of its initial decision to defend them in the Zivitzes' lawsuit. The Caplins suggest that USAA's reservation of rights was inadequate. We disagree.

■ The term 'estoppel' has a meaning distinct from 'waiver' but the terms are often used synonymously with respect to insurance

---

**1.** The *Fidelity* court pointed out that our decision in *Trisler v. Indiana Insurance Company* (1991), Ind.App., 575 N.E.2d 1021, conflicts with the *Kopko* decision on the present, dispositive issue. The *Fidelity* court correctly concluded that the decision of our supreme court controls. 25 F.3d at 490. Thus, we are not at liberty to apply *Trisler* despite the Caplins' claim that *Trisler* has "more rational and reasonable results." (Caplins' brief, p. 28).

matters. *Tate v. Secura Insurance* (1992), Ind., 587 N.E.2d 665, 671. A waiver is an intentional relinquishment of a known right, while the elements of estoppel are the misleading of a party entitled to rely on the acts or statements in question and a consequent change of position to his detriment. *Id.* In the absence of resulting prejudice, there is no estoppel or implied waiver. *Id.*

In the present case, USAA initially agreed to defend the Caplins under a reservation of rights based upon the precise policy exclusion operative in this case. The Caplins wished to use their own attorney, and USAA acquiesced in this decision. Thus, the Caplins could not have been prejudiced by USAA's withdrawal of its initial, gratuitous acceptance of the responsibility to defend the Caplins. Therefore, we find no waiver or estoppel. Moreover, a contrary result would effect bad policy. An insurance company would be forced to deny coverage at the outset of a lawsuit or not at all.

As noted above, under the authority of *Kopko,* USAA was not required to defend the Caplins in the lawsuit brought by the Zivitzes. Therefore, we reverse and remand with instructions that summary judgment be entered in favor of USAA.

Judgment reversed.

STATON and NAJAM, JJ., concur.