Kevin HASTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A03–9712–CR–409.

Court of Appeals of Indiana.

June 30, 1998.

Kurt Bentley Grimm, Grimm & Grimm, Auburn, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Kevin Haston appeals from his convictions for operating a vehicle while intoxicated, a class D felony, and possession of alcohol by a minor, a class C misdemeanor. The sole issue on appeal is whether the State was permitted to proceed to trial in violation of Ind. Criminal Rule 4(C).

We reverse.

The relevant procedural history is that the State charged Haston with the above crimes on December 10, 1992. On March 23, 1993, Haston filed a motion to suppress the breath-alyser test results, which was denied the same day. Also on March 23, 1993, the trial court certified its suppression ruling for interlocutory appeal. However, Haston never pursued an appeal. On May 15, 1996, three years and 76 days after the certification for

interlocutory appeal, the trial court, upon motion by the State, scheduled July 30, 1996 as the first trial date set in this case. Relevant to Crim. R. 4(C), this first scheduled trial date was three years and 232 days after Haston was charged. On July 29, 1996, Haston filed a motion for discharge pursuant to Crim. R. 4(C) arguing that the State failed to bring him to trial within one year. Haston's motion was denied, he was convicted of the above crimes and this appeal ensued.

■ The State argues that the over three-year delay in bringing Haston to trial was attributable to him due to his requested, but not pursued, interlocutory appeal. Criminal Rule 4(C) provides that no person shall be held on recognizance or otherwise required to answer a criminal charge for a period embracing more than one year from the later of the date the charge was filed or the person's arrest on the charge. Crim. R. 4(C). There are several instances where the one-year time limit is tolled. For example, where a delay in proceeding to trial is caused by a defendant or a defendant acquiesces in any delay, that time is chargeable to the defendant and does not count against the one year time limit. Crim. R. 4(C); *Ferguson v. State*, 594 N.E.2d 790, 792 (Ind.1992). This general rule has been applied where the defendant has sought an interlocutory appeal, *see Vance v. State*, 620 N.E.2d 687, 689 (Ind. 1993); *Covelli v. State*, 579 N.E.2d 466, 470 (Ind.Ct.App.1991), *trans. denied*, and where the defendant's actions have caused the State to seek an interlocutory appeal. *State ex rel. Cox v. Superior Court of Madison County*, 445 N.E.2d 1367 (Ind.1983).

■ However, *Vance*, *Covelli* and *Cox* charge the defendant with the time from initially seeking an interlocutory appeal to the date an appellate decision is issued. In this case, Haston never perfected his appeal. Haston had thirty days from the certification order from the trial court within which to petition this court to entertain jurisdiction, but did not do so.[1] Ind. Appellate Rule 2(A).

1. Haston did file a praecipe the day after the court certified this case for interlocutory appeal. However, this is not the proper procedure. Haston should have first petitioned this court, with-

in thirty days of having the issue certified by the trial court, for us to entertain jurisdiction. If this court grants the petition to entertain jurisdiction, then Haston would have had ten days to

Failure to timely perfect an interlocutory appeal results in forfeiture of the opportunity to pursue the appeal. *See Bowyer v. Vollmar,* 505 N.E.2d 162, 165–67 (Ind.Ct.App. 1987); *Starke County v. Bass Lake Property Owners Assoc.,* 159 Ind.App. 213, 305 N.E.2d 900 (1974). Although the above cases did not discuss 4(B)(6) interlocutory appeals, we can discern no legitimate reason their rationale should not also apply to permissive interlocutory appeals. Thus, strictly speaking, the only time chargeable to Haston would be the time from when the trial court certified the suppression issue for interlocutory appeal until the date Haston's opportunity to seek appellate review expired by operation of law: in this case, thirty days.

■ The State insists that it was Haston's act that set into motion a chain of events causing the delay, thereby justifying attributing the entire delay to Haston. A defendant is charged with any delay caused by his actions. *Wheeler v. State,* 662 N.E.2d

192, 193 (Ind.Ct.App.1996). "However, when determining the *extent* of the delay caused by the defendant's actions, we must proceed on a case-by-case basis." *Id.* at 194 (emphasis added). Even were we to grant the State some "equitable time" for its detrimental reliance on Haston's representation that he intended to seek an interlocutory appeal, we conclude that this additional time falls woefully short of the approximately two and one-half years required to comply with Crim. R. 4(C) in this case.[2]

■ Finally, noting that Haston moved for discharge the day before trial, the State contends that Haston acquiesced in the new trial date since he did not move for discharge promptly.[3] However, courts have found defendants entitled to discharge under circumstances similar to this case when the defendant made the motion on the day before trial, *Morrison v. State,* 555 N.E.2d 458, 463 (Ind. 1990), or even on the day of trial, *Nance v. State,* 630 N.E.2d 218, 221 (Ind.Ct.App.1994).

file a praecipe with the trial court. Ind. Appellate Rule 2(A).

**2.** It appears this case "fell through the cracks" since the Attorney General becomes the attorney for the State on appeal, and the local prosecutor, relying on Haston's representation that he would seek an interlocutory appeal, apparently believed the case was now being handled by the Attorney General. However, the Attorney General is unaware of any permissive interlocutory appeal until the Attorney General's office receives notice that this court has accepted jurisdiction over the appeal. Since Haston never moved for this court to accept jurisdiction of his interlocutory appeal, the Attorney General never knew of the certification by the trial court.

The situation is further confused since the Clerk of the Court of Appeals sends notice of the acceptance of an interlocutory appeal to the Attorney General's office, but does not generally send notice to the local prosecutor's office. Too, Criminal R. 18 does not seem to require a defendant seeking an interlocutory appeal to serve the local prosecutor with a copy of the petition for this court to accept jurisdiction. Thus, the local prosecutor can lose track of a permissive interlocutory appeal since neither a copy of the petition for us to accept jurisdiction nor our order regarding the same is sent to the local prosecutor. The result, as in the case, can be a case languishing for several years since the local prosecutor assumes the Attorney General is handling the case, but the Attorney General never is notified since a petition for this court to entertain jurisdiction is never filed.

The situation could be easily remedied by rule requiring service of all papers upon the local prosecutor until this court has granted the petition for interlocutory appeal. Too, notice of this court's ruling on the petition to the local prosecutor would also be helpful. Ind. Appellate Rule 2(B) allows this court to "order such additional notice to the parties as justice may require," and is a rule which will permit this court to keep local prosecutors informed as to the status of petitions for interlocutory appeal actually filed. In this manner, prosecutors would then be assured that the Attorney General is handling the case until an appellate decision is rendered.

In the interim, some coordination between the Attorney General's office and local prosecutors' offices is required. Too, local prosecutors can call the Clerk of the Court of Appeals ((317) 232–1930) thirty days after an issue is certified for interlocutory appeal to investigate whether a criminal defendant did in fact petition this court to accept jurisdiction. If no petition has been filed, the prosecutor will know the time for the defendant to avail himself of an interlocutory appeal has expired and the prosecutor can proceed to trial accordingly.

**3.** The State correctly concedes that Haston was under no duty to object to the trial date in this case. *See Morrison v. State,* 555 N.E.2d 458, 463 (Ind.1990) ("A defendant has no duty to object to the setting of a belated trial date when the act of setting such date occurs after the time expires such that the court cannot reset the trial date within the time allotted by the rule.").

Accordingly, we conclude Haston timely moved for discharge the day before trial and that the trial court erred by not granting Haston's motion.

Reversed.

HOFFMAN and RUCKER, JJ., concur.