

FILED

Oct 10 2019, 5:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Dawnya G. Taylor
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Frederick Obryan McFarland,

*Appellee-Defendant.*

October 10, 2019

Court of Appeals Case No.
18A-CR-2408

Appeal from the
Vanderburgh Superior Court

The Honorable
Robert J. Pigman, Judge

Trial Court Cause No.
82D03-1712-F3-7410

**Kirsch, Judge.**

[1]     Through this permissive interlocutory appeal, the State of Indiana ("the State") appeals the trial court's denial of the State's request to amend the habitual offender charging information for Frederick Obryan McFarland ("McFarland"), raising the following restated issue:  whether the trial court abused its discretion by denying the State's motion to amend the habitual

offender charging information, which the State filed three calendar days before trial.

[2] We affirm.

## Facts and Procedural History

[3] On November 29, 2017, officers from the Evansville Police Department attempted to conduct a traffic stop of McFarland. *Appellant's App. Vol. 2* at 46. McFarland did not stop and, instead, sped away, ran several stop signs, and collided with a 2003 PT Cruiser, which had the right of way. *Id.* The PT Cruiser was carrying four people; an infant and a two-year-old died from their injuries, and two adults were transported to the hospital. *Id.*

[4] On December 1, 2017, the State charged McFarland with four counts of resisting law enforcement, two counts as Level 3 felonies[1] and two counts as Level 5 felonies,[2] and later amended one of the Level 5 felonies to a Level 3 felony because one of the adults subsequently died from his injuries. *Id*. at 5, 38. That same day, the State also alleged that McFarland was a habitual offender, citing his conviction for theft in 82C01-1007-FD-805 ("the prior theft conviction") and his conviction for carrying a handgun without a license in

---

[1] *See* Ind. Code § 35-44.1-3-1(a)(3), (b)(3).

[2] *See* Ind. Code § 35-44.1-3-1(a)(3), (b)(2).

82D02-1305-FC-638. *Id.* at 5, 34. On January 3, 2018, the trial court set the omnibus date for April 1, 2018. *Id.* at 8.

[5]    On Friday, August 17, 2018, more than eight months after the State charged McFarland and only three calendar days before trial, the State moved to amend the habitual offender charging information. *Id*. at 11. Even though the amendment was filed three calendar days before the Monday, August 20, 2018 trial, it was filed less than two business hours before trial as the State filed the proposed amendment on Friday at 3:04 p.m. *Id.* at 75. The State filed the proposed amendment because the prior theft conviction was actually a misdemeanor conviction, not a felony conviction, so the State sought leave to replace the prior theft conviction with McFarland's felony conviction in 82D02-1407-F5-1013 ("F5-1013") for carrying a handgun without a license. *Id.* at 11, 75; *Tr. Vol. 2* at 4-5.

[6]    McFarland filed an objection, which the trial court heard on the morning of trial. *Id.* at 76; *Tr. Vol. 2* at 1-17. At that hearing, the State argued that its proposed amendment would not prejudice McFarlane because McFarland's attorney had represented McFarland in F5-1013 and was familiar with that case. *Id.* at 4-5. The State also argued that even if the proposed amendment prejudiced McFarland's trial preparation, the trial court, upon McFarland's request, would be required to continue the trial date. *Id*.; *see* Ind. Code § 35-34-1-5(d). McFarland responded that the State's proposed amendment was a substantive change to the charging information because it took away McFarland's defense that, as charged, the State's habitual offender charge must

fail as a matter of law because only one of the two predicate convictions was a felony conviction. *Tr. Vol. 2* at 7. Relying on *Nunley v. State*, 995 N.E.2d 718 (Ind. Ct. App. 2013), the trial court denied the State's motion to amend, concluding that it would prejudice McFarland's substantial rights because it would have negated McFarland's defense and because it was not supported by good cause. *Tr. Vol. 2* at 14-15.

[7] Per the State's request, the trial court certified its ruling for interlocutory review. The State sought leave from this court to bring a permissive interlocutory appeal, and on November 9, 2018, we granted the State's request and accepted jurisdiction over this appeal.[3] *Appellant's App. Vol. 2* at 13.

## Discussion and Decision

[8] Relying on Indiana Code section 35-34-1-5(b)(2),[4] the State argues that the trial court abused its discretion in denying its motion to amend the habitual offender charging information because the proposed amendment would not have prejudiced McFarland's substantial rights, even though it sought leave to file

---

[3] Because the trial court certified its ruling on September 4, 2018, the State's deadline to file its motion for interlocutory appeal with this court was October 4, 2018. *See* Ind. Appellate Rule 14(B)(2)(a). However, the State filed its motion here on October 5, 2018, one day late. *Odyssey, Motion for Interlocutory Appeal*. "Failure to timely perfect an interlocutory appeal results in forfeiture of the opportunity to pursue the appeal." *Haston v. State*, 695 N.E.2d 1042, 1044 (Ind. Ct. App. 1998) ("Haston had thirty days from the certification order from the trial court within which to petition this court to entertain jurisdiction but did not do so."); *see also Kindred v. Townsend*, 4 N.E.3d 793, 795 (Ind. Ct. App. 2014), *trans. denied*. Nonetheless, we choose to address this appeal on the merits.

[4] Since the trial court set the omnibus date for April 1, 2018 -- *see Appellant's App. Vol. 2* at 8 -- under Indiana Code section 35-34-1-5(b)(1) the State's proposed amendment was due March 2, 2018, five and one-half months before the State filed its proposed amendment.

the amendment eight months after the original charging information was filed and less than two business hours before trial. The State contends that it provided McFarland with adequate notice because McFarland knew his own criminal history and, even if he did not, the State actually provided McFarland a copy of his criminal history soon after he was charged. The State also argues that the amendment would not undermine McFarland's ability to prepare for trial, correctly noting that upon McFarland's request, the trial court would have been obligated under Indiana Code section 35-34-1-5(d) to continue the trial date to give McFarland more time to prepare for trial. Finally, the State argues that the proposed amendment would not have taken away McFarland's defense, *i.e.*, that the State could not prove that McFarland was a habitual offender. McFarland counters by arguing, *inter alia*, that the amendment would have prejudiced his substantial rights.[5]

[9] We review a trial court's decision on whether to permit an amendment to a charging information for an abuse of discretion. *Keller v. State*, 987 N.E.2d 1099, 1109 (Ind. Ct. App. 2013), *trans. denied*. The State bears the burden of proof to show that an amendment will not prejudice a defendant's substantial rights. *Cf. Prewitt v. State*, 761 N.E.2d 862, 868 (Ind. Ct. App. 2002)

---

[5] McFarland also argues that under *Nunley v. State*, 995 N.E.2d 718, 722-24 (Ind. Ct. App. 2013), we should affirm the trial court because if the trial court had allowed the amendment, McFarland's rights would have been substantially prejudiced because the proposed amendment would have taken away McFarland's defense that the State, under the initial habitual offender charging information, could not, as a matter of law, prove that McFarland was a habitual offender because only one of the predicate convictions the State cited was a felony conviction. *See* Ind. Code § 35-50-2-8(b), (c). We acknowledge this argument but choose to resolve this appeal on different grounds.

("defendant failed to meet his burden of proving that his substantial rights were prejudiced by the late amendment").

[10]     Indiana Code section 35-34-1-5 governs amendments, and it provides, in part:

> (b) The indictment or information *may be amended in matters of substance* and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:
>
> (1) up to:
>
> (A) thirty (30) days if the defendant is charged with a felony; or
>
> (B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
>
> before the omnibus date; or
>
> (2) *before the commencement of trial*;
>
> *if the amendment does not prejudice the substantial rights of the defendant.* When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.
>
> . . . .
>
> (d) Before amendment of any indictment or information other than amendment as provided in subsection (b), the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment,

the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare the defendant's defense.

Ind. Code § 35-34-1-5(b), (d) (emphasis added).

[11]    In *Gibbs v. State*, we described the difference between amendments of form and amendments of substance:

> [A]n amendment is one of form, not substance, if both (a) a defense under the original [I]nformation would be equally available after the amendment, and (b) the accused's evidence would apply equally to the [I]nformation in either form. And an amendment is one of substance only if it is essential to making a valid charge of the crime.

952 N.E.2d 214, 221 (Ind. Ct. App. 2011) (quoting *Fields v. State*, 888 N.E.2d 304, 310 (Ind. Ct. App. 2008)), *trans. denied.*

[12]    In *Gomez v. State*, we explained what constitutes a defendant's substantial rights:

> A defendant's substantial rights include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either of the parties, it does not violate these rights. Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges.

907 N.E.2d 607, 611 (Ind. Ct. App. 2009) (internal citations and quotations omitted), *trans. denied*.

[13]   Here, we find that the State's proposed amendment was one of substance, not form. First, if the trial court had allowed the amendment, McFarland's defense that the State had listed only one valid predicate conviction would have withered away. *See Gibbs*, 952 N.E.2d at 221. Similarly, the proposed amendment was substantive because it was necessary for the State to bring a valid, prima face allegation that McFarland was a habitual offender. *See id.* The State admitted this. *Tr. Vol. 2* at 4-5. Second, in *Nunley v. State*, we found that an amendment to a habitual offender charging information under nearly identical circumstances was a substantive amendment. *See Nunley*, 995 N.E.2d at 723-25.

[14]   Because the amendment was one of substance, the State was required to show that the amendment would not have prejudiced McFarland's substantial rights. *See* Ind. Code § 35-34-1-5(b). The crux of the State's argument that the amendment would not have prejudiced McFarland's substantial rights is that if the trial court had granted the State's request to amend, the trial court would have been required, upon McFarland's request, to continue the trial date. *See* Ind. Code § 35-34-1-5(d). However, we have previously reviewed claims regarding the propriety of amendments without regard to whether a continuance would have alleviated any prejudice caused by an amendment. In *Ramon v. State*, 888 N.E.2d 244, 252-53 (Ind. Ct. App. 2008), Ramon alleged that under Indiana Code section 35-34-1-5(b)(2), the same statute McFarland relies on here, the State's amendment prejudiced his substantial rights. *Id.* Even though Ramon did not request a continuance after the trial court granted

the State's motion to amend, we nonetheless addressed the merits of Ramon's appeal without addressing whether a continuance would have alleviated any prejudice. *Id*. Similarly, in *Gibbs* and *Fuller v. State*, 875 N.E.2d 326 (Ind. Ct. App. 2007), *trans. denied*, we reached the merits of the appellants' claims regarding the granting of amendments in their respective cases, although those cases were resolved on whether the State's amendments met statutory deadlines, not whether the amendments substantially prejudiced the defendants. *Gibbs*, 952 N.E.2d at 222-24; *Fuller*, 875 N.E.2d at 331-32. Here, therefore, we will review the denial of the State's motion to amend without regard to whatever benefit a continuance would have given McFarland.[6]

[15] In several recent cases, we have affirmed pretrial but post-omnibus-date amendments of substance to an information. In *Mays v. State*, 120 N.E.3d 1070, 1081-82 (Ind. Ct. App. 2019), *trans. denied*, we found no prejudice where the State's notice of the proposed amendment was given to the defendant nearly four months before trial and the alibi defense was equally available after the amendment. In *Barnett v. State*, 83 N.E.3d 93, 101-02 (Ind. Ct. App. 2017), *trans. denied*, we found that Barnett's substantial rights were not prejudiced

---

[6] Unlike the State, we will not assume that a continuance would have been in McFarland's best interests. While a continuance, under these circumstances, would normally serve a defendant's best interests, McFarland may have been considering other factors that would have weighed against seeking a continuance. For example, even at this stage of litigation, McFarland would have had the option of filing a motion for speedy trial under Indiana Criminal Rule 4(B)(1). A continuance would undermine McFarland's interest in quickly setting this matter to rest. Thus, requiring McFarland to seek a continuance could potentially foist upon him a Hobson's choice: seek more time to prepare for trial or forgo a continuance, and thereby hinder his trial preparation, in the interest of bringing this litigation to a speedy end.

where the State filed its amendment five weeks after the omnibus date but two months before the beginning of trial and three months before Barnett presented his case in chief and because the amendment arose from the same "time [and] place as the original counts." In *Shaw v. State*, 82 N.E.3d 886, 897 (Ind. Ct. App. 2017), *trans. denied*, we found no prejudice where the State's amendment elevated an aggravated battery offense to murder following the victim's death because the trial did not begin until more than two months after the amendment and the defendant's defense that "he was not at the scene and did not participate in [the] beating" would "not change." In *Mannix v. State*, 54 N.E.3d 1002, 1010 (Ind. Ct. App. 2016), we found no prejudice where the State filed its motion to amend more than eight months before the beginning of the trial. And, finally, in *Gaby v. State*, 949 N.E.2d 870, 875 (Ind. Ct. App. 2011), we found no prejudice where the State moved to amend the charging information one week before trial to correct an error in the date of an alleged molestation offense because the amendment did not deprive Gaby of his defense of challenging the victim's recollection of the alleged event.

[16] None of these cases are analogous to McFarland's situation. Here, the State filed its proposed amendment less than two business hours before trial. In doing so, the State did not provide adequate notice to McFarland and left McFarland no time to prepare for the habitual offender portion of the trial. *See Gomez*, 907 N.E.2d at 611. The amendment also took away McFarland's defense that one of the two convictions that the State initially cited in its habitual offender charging information, was not, as the State admitted, a valid

predicate offense under Indiana Code section 35-50-2-8. *Tr. Vol. 2* at 4-5. Thus, McFarland's defense would not have been "equally available" if the trial court allowed the amendment. *See Gibbs*, 952 N.E.2d at 221. Had the trial court allowed the amendment, McFarland would have been left scrambling to fashion a new defense within a matter of hours. *See Erkins v. State*, 13 N.E.3d 400, 405-06 (Ind. 2014); *Gomez*, 907 N.E.2d at 611. Forcing McFarland's attorney to modify McFarland's defense on the fly would have also implicated McFarland's Sixth Amendment right to effective assistance of counsel. The right to a reasonable opportunity to prepare for and defend against charges is a hallmark of "[t]he right of an accused . . . to due process." *Saylor v. State*, 559 N.E.2d 332, 335 (Ind. Ct. App. 1990) (citing *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)), *trans. denied*. That right implicates a defendant's Sixth Amendment right to effective assistance of counsel—a counsel who is not provided with sufficient time to give "effective aid in the preparation and trial of the case" is constructively no counsel at all. *Powell v. Alabama*, 287 U.S. 45, 71-72 (1932).

[17] Finally, the trial court's familiarity with the case placed it in a better position than this court to gauge how much the amendment would have prejudiced McFarland's substantial rights. Considering that the State sought leave to file its amendment eight months after filing the initial charges and less than two business hours before trial, we cannot say that the trial court abused its discretion in denying the State's motion to amend.

[18] Affirmed.

Vaidik, C.J., and Altice, J., concur.